## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

KAISER LTD, LLC, a New Mexico
Limited liability company,

     Plaintiff – Appellee,

    and

v.

GARY HOWE, et al.,

    Defendants - Appellants,

and

WYNDCHASE APARTMENTS LTD, LLC,
a New Mexico limited liability company,

    Defendant.

No. 15-2066
(D.C. No. 2:15-CV-00139-WPL-SMV)
(D.N.M.)

---

### APPENDIX

Filed by the Appellants, Gary Howe and Sancap LTD.

**JAMES M. FEUILLE**
New Mexico Bar No. 145552
Scott Hulse P.C.
P.O. Box 99123
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 (facsimile)
jfeu@scotthulse.com
**Attorney for Appellants/Defendants**
**Gary Howe and Sancap, Ltd.**

Respectfully submitted,

**SCOTTHULSE** <sup>PC</sup>
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:     /s/ James M. Feuille
        **JAMES M. FEUILLE**
        State Bar No. 145552
        Attorney for Appellants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 2nd day of November, 2015.

Kyle H. Moberly
Attorney for Appellee
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278
kyle@mobelaw.com

Joshua A. Allison
Attorney for Appellee
Sheehan & Sheehan, P.A.
PO BOX 271
Albuquerque, NM 87103
(505) 247-0411
jaa@sheehansheehan.com

/s/ James M. Feuille
**JAMES M. FEUILLE**

# TABLE OF CONTENTS

Appendix A –
    District Court of New Mexico Court Docket Sheet    …………………………............1

Appendix B –
    District Court Docket Entry 1: Defendants-Appellants' Notice of Removal …………...6

Appendix C –
    District Court Docket Entry 3: Defendants-Appellants' Answer to Complaint and
    Counterclaims ……………………………………………………………………...33

Appendix D –
    District Court Docket Entry 5: Plaintiff-Appellee's Motion to Remand………………...54

Appendix E –
    District Court Docket Entry 13: Defendants-Appellants' Response in Opposition to
    Motion to Remand ……..…..……………………………………………………...64

Appendix F –
    District Court Docket Entry 14: Plaintiff-Appellee's Reply to Response in Opposition to
    Motion to Remand ……..…..……………………………………………………...74

Appendix G –
    District Court Docket Entry 16: Memorandum Opinion and Order Granting Motion to
    Remand to State Court ……………………………..…………………………..80

Appendix H –
    District Court Docket Entry 17: Judgment …………………………………………90

Appendix I –
    District Court Docket Entry 19: Notice of Appeal.........................................................91

Appendix J –
    Court of Appeals Docket Entry 10274100: Appellants' Memorandum Brief in Support of
    Appellate Jurisdiction ....................................................................................................93

Appendix K –
    Court of Appeals Docket Entry 10293812: Appellants' Supplement to Memorandum
    Brief in Support of Appellate Jurisdiction ..................................................................104

**<u>APPENDIX A</u>**

District Court of New Mexico Court Docket Sheet

APPEAL,CONSENT

# U.S. District Court
## District of New Mexico - Version 6.1 (Las Cruces)
### CIVIL DOCKET FOR CASE #: 2:15-cv-00139-WPL-SMV

Kaiser LTD, LLC v. Howe et al

Assigned to: Magistrate Judge William P Lynch

Referred to: Magistrate Judge Stephan M. Vidmar

Case in other court: USCA, 15-02066

                Third Judicial District Court, CV-15-00099

Cause: 28:1441 Petition for Removal- Breach of Contract

Date Filed: 02/19/2015

Date Terminated: 03/30/2015

Jury Demand: Defendant

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

**Plaintiff**

| | |
|---|---|
| **Kaiser LTD, LLC**<br>*a New Mexico limited liability company* | represented by **Joshua A Allison**<br>Sheehan & Sheehan, P.A.<br>Post Office Box 271<br>Albuquerque, NM 87103<br>505-247-0411<br>Fax: (505) 842-8890<br>Email: jaa@sheehansheehan.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kyle H Moberly**<br>2460 S. Locust Street<br>Suite E<br>Las Cruces, NM 88001<br>575-541-1278<br>Fax: 575-541-1279<br>Email: kyle@mobelaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | |
|---|---|
| **Gary Howe** | represented by **James M. Feuille**<br>Scott Hulse, P.C.<br>201 E. Main Drive<br>Suite 1100<br>El Paso, TX 79901<br>915-533-2493 |

1

Fax: 915-546-8333
Email: jfeu@scotthulse.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sancap LTD**                           represented by  **James M. Feuille**
*an Ohio limited liability company*                      (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Wyndchase Apartments LTD, LLC**        represented by  **James M. Feuille**
*a New Mexico limited liability company*                 (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Wyndchase Apartments LTD, LLC**        represented by  **James M. Feuille**
*a New Mexico limited liability company*                 (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Sancap LTD**                           represented by  **James M. Feuille**
*an Ohio limited liability company*                      (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Gary Howe**                            represented by  **James M. Feuille**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Kaiser LTD, LLC**                      represented by  **Kyle H Moberly**
*a New Mexico limited liability company*                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2015 | 1 | NOTICE OF REMOVAL by All Defendants from Third Judicial District Court - County of Dona Ana, State of New Mexico, case number CV-2015-00099. ( Filing Fee - Online Payment), filed by All Defendants. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Civil Cover Sheet)(Feuille, James) (Entered: 02/19/2015) |

2

| 02/19/2015 | | Filing and Administrative Fees Received: $ 400 receipt number 1084-3943270 re 1 Notice of Removal, filed by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC (Payment made via Pay.gov)(Feuille, James) (Entered: 02/19/2015) |
|---|---|---|
| 02/19/2015 | | U.S. Magistrate Judge William P Lynch and U.S. Magistrate Judge Stephan M. Vidmar assigned. (iad) (Entered: 02/19/2015) |
| 02/19/2015 | 2 | PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge William P Lynch to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. **It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint.** *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.* For e-filers, visit our Web site at www.nmcourt.fed.us for more information and instructions. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (iad) (Entered: 02/19/2015) |
| 03/03/2015 | 3 | *Defendant's* ANSWER to Complaint (Notice of Removal) *and Affirmative Defenses,* COUNTERCLAIM *and Complaint for Declaratory Judgment, Request for Temporary Restraining Order and Application for Preliminary Injunction with Demand for Jury Trial* against Kaiser LTD, LLC by Wyndchase Apartments LTD, LLC, Sancap LTD, Gary Howe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Feuille, James) (Entered: 03/03/2015) |
| 03/05/2015 | 4 | NOTICE of Appearance by Joshua A Allison on behalf of Kaiser LTD, LLC (Allison, Joshua) (Entered: 03/05/2015) |
| 03/05/2015 | 5 | Opposed MOTION to Remand to State Court *and for Attorneys' Fees* by Kaiser LTD, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D (Part 1), # 5 Exhibit D (Part 2), # 6 Exhibit D (Part 3), # 7 Exhibit E)(Allison, Joshua). (Entered: 03/05/2015) |
| 03/05/2015 | 6 | NOTICE OF CONSENT SUBMISSION DEADLINE: Pursuant to Fed. R. Civ. P. 73(b)(2), the parties are reminded that a magistrate judge was assigned as the trial judge in this matter under 28 U.S.C. 636(c). The parties are advised that the Clerk will reassign this matter to a district judge as the trial judge no later than **11 days** from the entry of this notice unless consents from all parties have been filed. The parties are free to withhold consent. *If you have already entered your consent, you need not resubmit.* (ran) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/05/2015) |
| 03/05/2015 | 7 | CONSENT TO PROCEED Before a U.S. Magistrate Judge. Under 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(b), Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC voluntarily consent(s) to have United States Magistrate Judge William P Lynch conduct dispositive proceedings in this matter, including motions and trial, and order the entry of |

3

| | | |
|---|---|---|
| | | final judgment. (Feuille, James)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/05/2015) |
| 03/13/2015 | 8 | CONSENT TO PROCEED Before a U.S. Magistrate Judge. Under 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(b), Kaiser LTD, LLC voluntarily consent(s) to have United States Magistrate Judge William P Lynch conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment. (Allison, Joshua)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 03/13/2015) |
| 03/17/2015 | 9 | MOTION for Hearing re 3 Answer to Complaint (Notice of Removal),, Counterclaim, by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC. (Attachments: # 1 Exhibit A-Notice of Calling Special Meeting, # 2 Exhibit B-Resolution of Special Meeting Held on Nov. 24, 2014, # 3 Exhibit C-Corresondence from Mr. Dynek, date March 9, 2015, # 4 Exhibit D-Notice of Trespass and Denial of Consent to Enter, # 5 Exhibit E-Letter from Mr. Moberly to Tenants dated Feb. 26, 2015)(Feuille, James) (Entered: 03/17/2015) |
| 03/17/2015 | 10 | NOTICE OF RULE 73 CONSENT Received by All Parties. Related documents: 8 Consent to Proceed Before a U.S. Magistrate Judge, filed by Kaiser LTD, LLC, 7 Consent to Proceed Before a U.S. Magistrate Judge, filed by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC.<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (vrd) (Entered: 03/17/2015) |
| 03/17/2015 | 11 | ORDER SETTING EXPEDITED BRIEFING SCHEDULE by Magistrate Judge William P. Lynch re: 5 Motion to Remand and for Attorneys' Fees. Response Due 3/19/2015 at 5:00 p.m. Reply Due 3/23/2015 at 5:00 p.m. (ran) (Entered: 03/17/2015) |
| 03/18/2015 | 12 | OBJECTIONS re 9 MOTION for Hearing re 3 Answer to Complaint (Notice of Removal),, Counterclaim, *Plaintiff's Objections and Opposition to Defendants' Application for Emergency Hearing on Defendants' Request for Temporary Restraining Order and Application for Preliminary Injunctive Relief* by Kaiser LTD, LLC (Allison, Joshua) (Entered: 03/18/2015) |
| 03/19/2015 | 13 | RESPONSE in Opposition re 5 Opposed MOTION to Remand to State Court *and for Attorneys' Fees* filed by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC. (Attachments: # 1 Exhibit A-Notice of Removal, # 2 Exhibit B - Plaintiff's Original Complaint)(Feuille, James) (Entered: 03/19/2015) |
| 03/23/2015 | 14 | REPLY to Response to Motion re 5 Opposed MOTION to Remand to State Court *and for Attorneys' Fees* filed by Kaiser LTD, LLC. (Allison, Joshua) (Entered: 03/23/2015) |
| 03/27/2015 | 15 | *Plaintiff's* ANSWER to 3 Answer to Complaint (Notice of Removal), Counterclaim,, by Kaiser LTD, LLC.(Allison, Joshua) (Entered: 03/27/2015) |
| 03/30/2015 | 16 | MEMORANDUM OPINION AND ORDER by Magistrate Judge William P. Lynch granting 5 Motion to Remand to State Court and denying attorneys' fees and costs. (ran) |

| | | (Entered: 03/30/2015) |
|---|---|---|
| 03/30/2015 | 17 | JUDGMENT by Magistrate Judge William P. Lynch. (ran) (Entered: 03/30/2015) |
| 04/01/2015 | 18 | Letter by U.S. District Court remanding case to the Third Judicial District Court of the State of New Mexico (sju) (Entered: 04/01/2015) |
| 04/20/2015 | 19 | NOTICE OF APPEAL as to 16 Order on Motion to Remand to State Court by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC. (Filing Fee - Online Payment) (Feuille, James) (Entered: 04/20/2015) |
| 04/20/2015 | | Filing Fee Received: $ 505 receipt number 1084-4026702 re 19 Notice of Appeal filed by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC (Payment made via Pay.gov)(Feuille, James) (Entered: 04/20/2015) |
| 04/21/2015 | 20 | Transmission of Preliminary Record to US Court of Appeals re 19 Notice of Appeal (nr) (Entered: 04/21/2015) |
| 04/21/2015 | 21 | USCA Information Letter with Case Number 15-2066 for 19 Notice of Appeal filed by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC. (jv) (Entered: 04/23/2015) |
| 05/04/2015 | 22 | TRANSCRIPT ORDER FORM by Gary Howe, Sancap LTD, Wyndchase Apartments LTD, LLC for the 19 Notice of Appeal (Feuille, James) (Entered: 05/04/2015) |
| 05/05/2015 | 23 | NOTICE TO USCA that Record is Complete re 19 Notice of Appeal. (vh) (Entered: 05/05/2015) |
| 10/20/2015 | 24 | MOTION to Stay *Appellants' Motion for Stay or Abatement Pending Appeal* by Gary Howe, Sancap LTD. (Attachments: # 1 Exhibit A)(Feuille, James) (Entered: 10/20/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/02/2015 10:20:16 | | | |
| **PACER Login:** | sh0153:2634165:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-cv-00139-WPL-SMV |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

5

**<u>APPENDIX B</u>**

District Court Docket Entry 1: Defendants-Appellants' Notice of Removal

IN THE UNITED STATES DISTRICT COURT
FOR THE NEW MEXICO DISTRICT
LAS CRUCES DIVISION

KAISER, LTD. LLC, a New Mexico          )
Limited Liability Company,              )
                                        )
                Plaintiff,              )
vs.                                     )          CASE NO. 2:15-cv-139
                                        )
GARY HOWE, SANCAP, LTD, an Ohio         )
Limited Liability Company, and          )
WYNDCHASE APARTMENTS LTD LLC,           )
a New Mexico Limited Liability Co.      )
                Defendant.              )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants GARY HOWE, SANCAP, LTD., and WYNDCHASE APARTMENTS, LTD LLC, hereby remove to this Court the state court action described below pursuant to 28 U.S.C. § 1441.

1.      On January 15, 2015, an action was commenced in the 3RD Judicial District Court, Dona Ana County, New Mexico styled *KAISER LTD LLC, A New Mexico Limited Liability Company, Plaintiff vs. GARY HOWE, SANCAP, LTD, an Ohio Limited Liability Company, and WYNDCHASE APARTMENTS, LTD LLC, a New Mexico Limited Liability Company, Defendants*, Case No. D-307-CV-2015-00099.

2.      After Plaintiff obtained an Order for Substitute Service, Defendants GARY HOWE ("Howe") and SANCAP, LTD ("Sancap") were served with summons, at the earliest, February 12, 2015, and received a copy of plaintiff's petition on January 28, 2015.  Defendant WYNDCHASE APARTMENTS, LTD LLC ("Wyndchase") has not been served as of this date. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is being filed (i) within thirty (30) days from the date of Defendant's first receipt of the initial pleading stating

1044381.1

1

grounds upon which this Court has jurisdiction over the matter and upon which this removal has therefore been properly based, and (ii) within one year after commencement of the State Court Action.

3.      As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants Sancap and Howe in the State Court Action are attached to this notice as Exhibit A (the Original Complaint), Exhibit B (the Application for Temporary Restraining Order), Exhibit C (the Motion for Appointment and for Preliminary Injunction); Exhibit D (the Temporary Restraining Order); Exhibit E (the Amended Temporary Restraining Order).

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the amount of $75,000.00 exclusive of interest and costs. Plaintiff does not quantify the amount of damages it seeks to recover in this case. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive and interest and costs. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), cert denied, 516 U.S. 863 (1995). When the plaintiff's damages are unquantified in the complaint, the amount in controversy can be established by allegations in the removal notice by reference to allegations on the face of the complaint. *Cf. Martin v Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the complaint that the claims more likely than not exceeds $75,000.00. *See Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995); *accord Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

1997); *see also Gilmer v. The Walt Disney Co. et al.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

Here, the amount in controversy more likely than not exceeds $75,000.00 based on Plaintiff's

claims, alleged injury and recovery sought.  Specifically, Plaintiff's Application for Temporary

Restraining Order alleges, in Plaintiff's affidavit attached as Exhibit A thereto, that Wyndchase

has an outstanding debt to Washington Federal in the amount of $2,740,000.00, a determination

of who is required to pay such a debt is at issue in this suit. (Ex. B, at Exhibit A, para. 5).

Additionally, Plaintiff's Application for Temporary Restraining Order alleges that the

Defendants are liable on a debt by Harlo Dynek Development, LLC, a third party, entered into

with Tres Cruces Corp., a third party, in the amount of $461,854.00.   The question of which

party should be paying these respective debts is one of the matters at controversy in this suit.

Therefore the amount in controversy exceeds $75,000.00

     5.     Defendants are informed and believe that Plaintiff, KAISER LTD LLC

("Plaintiff" or "Kaiser"), was, and still is, a citizen of the State of New Mexico.  Defendant

Howe was, at the time of the filing of this action, and still is, a citizen of the State of Florida.

Defendant Howe hereby consents to removal pursuant to 28 U.S.C. § 1446 (b)(2). *See* Exhibit F.

Defendant Sancap was a citizen of and incorporated under the laws of the State of Ohio, having

its principal place of business in the State of Florida. Defendant Sancap hereby consents to

removal pursuant to 28 U.S.C. § 1446 (b)(2). *See* Exhibit G.  Further, Defendant Wyndchase,

although not yet served in this matter, and a citizen of the State of New Mexico, hereby

CONSENTS, pursuant to the provisions of 28 U.S.C. § 1446 (b)(2), to removal of this action.

Such separate CONSENT, duly authorized by the managing member of Wyndchase is attached

hereto as Exhibit H.

1044381.1

6.      Further and alternatively, the complaint herein names as Defendant Wyndchase who is a citizen of the same state as plaintiff.  The citizenship of said defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that the Plaintiff will be able to establish liability against said party in that Defendant Wyndchase is a nominal party not necessary for the resolution of the dispute between the remaining Defendants, that the members of this Defendant are in actuality Kaiser and Sancap who are the Plaintiff and Defendant, respectively, herein and are the real parties in interest in regard to this litigation.  Defendant Wyndchase was fraudulently joined herein merely as a sham defendant for the sole purpose to defeat diversity jurisdiction.  Finally, as stated in paragraph 5 herein, Defendant Wyndchase has also consented to this removal and Defendant Wyndchase has not been served.

7.      Defendants acknowledge that the fact that Defendant Wyndchase is a citizen of New Mexico, on its face, would prohibit diversity jurisdiction in this case.  However, the Plaintiff's suit against Howe and Sancap actually alleges direct claims by the Plaintiff against Howe and Sancap, and the suit does not allege derivative claims brought on behalf of Wyndchase.

8.      In certain circumstances, such as when a non-diverse party is deemed to be a nominal party, the Court must disregard the citizenship of the nominal party for diversity purposes. *Brazell v. Waite*, 525 F. App'x 879, 881 (10th Cir. 2013) ("citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (citation and internal quotation marks omitted); *see also Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782, 64 L. Ed. 2d

425 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

9.     Additionally, if all members of an entity are diverse and parties to the litigation, a federal court may manage a non-derivative lawsuit so as to dispense with the entity as a nominal defendant. *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191 (3d Cir. 1996) (holding that a limited partnership was not an indispensable party in a suit among the partners, because, *inter alia*, the limited partnership could be prevented from later bringing an identical claim: "The partnership, like a marionette, cannot make a move unless some human beings pulls the strings. And all the people who, under the partnership agreement, have the power to cause the partnership to bring suit . . . are before the court."); *followed by Meyer Natural Foods, LLC v. Freeman*, 2013 U.S. Dist. LEXIS 140497 (W.D. Okla. Sept. 30, 2013).

10.     The question of whether an LLC is required to be joined depends on whether the Plaintiff's claims are direct or derivative. Traditionally, courts apply the "direct injury test" to determine if a shareholder's claim must be raised derivatively. *See, e.g. Excimer Assocs. v. LCA Vision, Inc.,* 292 F.3d 134, 139-140 (2d Cir. 2002). The issue is whether the "primary injury" for which relief is sought directly affects an interest the plaintiff holds, or if it injures the legal entity's interests, which then derivatively injures the plaintiff. *Id.* ("[T]he critical question posed by the direct injury test is whether the damages a plaintiff sustains are derivative of an injury to a third party. If so, then the injury is indirect; if not, it is direct."); *Lenz Ex. Rel. Naples Tennis Resort,* 833 F. Supp. 362, 379-80 (S.D.N.Y. 1993) ("[T]he determination of whether a suit is derivative or direct turns on the nature of the injury alleged and the entity which sustains the harm.").

1044381.1

11.    In this case, after review of the Original Complaint, Application for Temporary Restraining Order, and Motion for Appointment of Receiver and For Preliminary Injunction, it is clear the Plaintiff's claims are direct claims against Defendants Sancap and Howe, and not derivative in nature. (*See* Ex. B, p. 3, para. 5 ("As a result of Gary Howe's refusal to pay Wyndchase's debt to Washington Federal, ***Plaintiff*** and ***another entity owned by Harlo Dynek***"—Plaintiff's principal—"have been forced to deposit on behalf of Plaintiff into Wyndchase's construction loan account . . ..")).  The Plaintiff is not worried about Wyndchase or any alleged harm to Wyndchase, the Plaintiff is worried about the Plaintiff and "another entity owned by" the Plaintiff's principal. (*See* Ex. B, p. 3, para. 6 ("As a result of Gary Howe's failure to make the last two payments on the debt to Tres Cruces Corp., demand has been made upon Harlo Dynek to make those payments . . . If those payments are not made and Tres Cruces Corp. accelerates the payment of that debt, then another of Mr. Dynek's companies, Summit Building and Development, LLC, is at risk of losing the land on the east mesa of Las Cruces that it gave a first mortgage on to Tres Cruces Corp. . . .")).

12.    This Notice of Removal has been served on Plaintiff's counsel.   A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit I) will be filed in the 3rd Judicial District Court, Dona Ana County, New Mexico as soon as this Notice of Removal has been filed in this Court.

WHEREFORE, defendants GARY HOWE, SANCAP LTD. and WYNDCHASE APARTMENTS LTD LLC pray that this action be removed to the United States District Court of New Mexico, Las Cruces Division.

Dated this 19th day of February, 2015.

1044381.1

Respectfully submitted,

**SCOTTHULSE** [PC]
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:    /s/ James M. Feuille
       **JAMES M. FEUILLE**
       State Bar No. 145552
       Attorney for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 19th day of February, 2015.

Kyle H. Moberly
Attorney for Plaintiff
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278
kyle@mobelaw.com

       /s/ James M. Feuille
       **JAMES M. FEUILLE**

1044381.1

7

# Exhibit A

THIRD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/15/2015 5:49:29 PM
CLAUDE BOWMAN
Missy Sanchez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

KAISER LTD., LLC, a New Mexico limited
liability company,

      Plaintiff,

v.

                                  D-307-CV-2015-00099

                                  Cause No. CV-2015-_____

GARY HOWE, SANCAP, LTD, an
Ohio limited liability company, and
WYNDCHASE APARTMENTS, LTD LLC,
a New Mexico limited liability company,

                                  Judge _____

      Defendants.

### COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES, AND CIVIL CONSPIRACY, AND PETITION FOR DECLARATORY JUDGMENT AS TO CAPITAL ACCOUNTS, FOR ACCOUNTING, FOR APPOINTMENT OF RECEIVER FOR WYNDCHASE APARTMENTS, LTD LLC, AND FOR PRELIMINARY INJUNCTION

      Plaintiff, Kaiser LTD., LLC, by and through its attorney, Law Office of Kyle H. Moberly,

P.C. (Kyle H. Moberly), states:

### PARTIES, JURISDICTION AND VENUE

      1.    Plaintiff is a New Mexico limited liability company, the principal place of business

of which is located in Doña Ana County, New Mexico.

      2.    Upon information and belief, Defendant Gary Howe ("Howe") is a resident of the

State of Florida.  Howe has transacted business in Doña Ana County, New Mexico, and has

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

                                    E:\Dox\CLIENT\0590\002\00008432.WPD

otherwise had sufficient minimum contacts with the State of New Mexico to give the Court personal jurisdiction over him.

3.      Defendant SANCAP, LTD ("**Sancap**") is an Ohio limited liability company which has transacted business in Doña Ana County, New Mexico, and has otherwise had sufficient minimum contacts with the State of New Mexico to give the Court personal jurisdiction over it. Upon information and belief, Sancap is not authorized to do business in New Mexico.

4.      Upon information and belief, Howe is the managing member of Sancap.

5.      Defendant Wyndchase Apartments, LTD LLC ("**Wyndchase**") is a New Mexico limited liability company, the principal place of business of which is located in Doña Ana County, New Mexico.

6.      The transactions and occurrences that form the basis of the claims asserted herein occurred in Doña Ana County, New Mexico.

7.      The Court has subject-matter jurisdiction with respect to the claims asserted herein.

8.      The Court is a proper venue for this action.

## GENERAL ALLEGATIONS

9.      On or about February 24, 2012, Harlo Dynek ("**Dynek**") and Sancap formed Wyndchase for the purpose of owning apartments to be constructed on land in the City of Las Cruces, New Mexico, to be acquired by Wyndchase.

10.     Dynek and Sancap signed an operating agreement for Wyndchase ("**Wyndchase's Operating Agreement**").

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

Page 2 of 15

11.     Wyndchase's Operating Agreement provides that Dynek and Howe are the managers of Wyndchase.

12.     Initially, Wyndchase's Operating Agreement provided that Dynek and Sancap were the members of Wyndchase.  However, as reflected in the amendment dated April 12, 2013, to Wyndchase's Operating Agreement, Plaintiff acquired from Dynek all of his membership interest in Wyndchase.

13.     On or about May 29, 2013, Wyndchase acquired about 9 acres of land in the City of Las Cruces, New Mexico, which is commonly known as 201 Three Crosses Avenue, from Sancap and Harlo Dynek Development, LLC (the "**Land**").  Sancap and Harlo Dynek Development, LLC purchased the Land from Tres Cruces Corporation immediately prior to contributing it to Wyndchase.  In partial consideration for the Land, Sancap and Harlo Dynek Development, LLC executed and delivered to Tres Cruces Corporation their promissory note in the amount of $461,854.00 (the "**Debt to Tres Cruces**").  Dynek and Howe personally guaranteed the payment of the Debt to Tres Cruces.

14.     Wyndchase did not formally assume or agree to pay the Debt to Tres Cruces when it acquired the Land from Sancap and Harlo Dynek Development, LLC because it would have prevented Wyndchase from obtaining a loan for the construction of apartments on the land on terms that Howe and Dynek desired.  However, Dynek and Howe agreed that Wyndchase would be responsible for paying that debt.

15.     In connection with Wyndchase's purchase of the Land, it obtained a construction loan from Washington Federal to construct apartments (the "**Wyndchase Apartments**") on the Land.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC                                    E:\Dox\CLIENT\0590\002\00008432.WPD

Page 3 of 15

The repayment of that loan is guaranteed by Dynek and his wife, Andrea Dynek, but not by Howe or Sancap.

16.     On or about May 29, 2013, Wyndchase entered into a construction contract with Summit Building and Development, LLC for the construction of the Wyndchase Apartments.

17.     Wyndchase has failed to pay Summit Building and Development, LLC a significant part of the amount it agreed to pay Summit Building and Development, LLC for construction of the Wyndchase Apartments.

18.     Plaintiff has agreed to pay Wyndchase's debt to Summit Building and Development, LLC on behalf of Wyndchase, which constitutes a "capital contribution" to Wyndchase, as such term is defined in Wyndchase's Operating Agreement.

19.     Howe opened an operating account for Wyndchase at Wells Fargo Bank ("**Wyndchase's Operating Account**"). Initially, both Howe and Dynek had signature authority over Wyndchase's Operating Account.

20.     On or about May of 2014, Howe modified the agreement between Wells Fargo Bank and Wyndchase with respect to Wyndchase's Operating Account so that Dynek did not have any signature authority over Wyndchase's Operating Account.

21.     Upon information and belief, Howe opened an account for Wyndchase at Wells Fargo Bank to hold the funds to be set aside by Wyndchase for the payment of the gross receipts tax on the construction of the Wyndchase Apartments ("**Wyndchase's Tax Account**").

22.     Upon information and belief, Howe deposited into Wyndchase's Tax Account a significant amount of Wyndchase's funds.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

23.     Howe has refused to account for the use of the funds that were deposited into Wyndchase's Tax Account.

24.     Howe, as a manager of Wyndchase, has been managing the operation of the Wyndchase Apartments since they were completed in the Summer of 2014.

25.     Howe has failed and refused to use the rents collected from the Wyndchase Apartments to make the payments due on the loan to Wyndchase from Washington Federal.  As a result, Dynek or other entities owned or controlled by Dynek, including Plaintiff, have been forced to make those payments in order to keep Wyndchase from defaulting on that loan and to keep Washington Federal from making demand on Dynek and his wife for performance of their guaranties of that loan.

26.     Howe, as a manager of Wyndchase, has caused Wyndchase to make distributions to its members, principally to Sancap, that violate Section 53-19-26 of the New Mexico Limited Liability Company Act.

27.     On or about August, 14, 2014, Howe, without authorization, granted, on behalf of Wyndchase, a mortgage to Sancap of the Wyndchase Apartments to secure an obligation that he claims Wyndchase has to Sancap.  A copy of that mortgage is attached to this complaint as **Exhibit A.**

## COUNT I
## BREACH OF CONTRACT BY HOWE AND SANCAP

28.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

Page 5 of 15

18

29.    Sancap and Howe have breached Wyndchase's Operating Agreement in multiple respects including, without limitation, the following:

(a)    Failing and refusing to pay Wyndchase's debts as they become due;

(b)    Causing Wyndchase to make distributions to its members, principally to Sancap, that violate Section 53-19-26 of the New Mexico Limited Liability Company Act;

(c)    Disposing of, or failing and refusing to account for, the funds set aside by Wyndchase for the payment of gross receipts tax owing with respect to the construction of the Wyndchase Apartments;

(d)    Failing and refusing to give Plaintiff credit for capital contributions it was forced to make in order to satisfy Wyndchase's debts as they became due; and

(e)    Granting, on behalf of Wyndchase, a mortgage to Sancap of the Wyndchase Apartments to secure an obligation that he claims Wyndchase has to Sancap.

30.    As a direct and proximate result of Sancap's and Howe's breach of Wyndchase's Operating Agreement, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, for Count I, Plaintiff requests that the Court enter judgment against Sancap and Howe for compensatory, consequential and punitive damages, together with attorneys fees and costs, all in an amount to be determined at trial plus such other and further relief as the Court deems just and proper.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH
## AND FAIR DEALING BY HOWE AND SANCAP

31.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

32.    Sancap and Howe have breached the implied covenant of good faith and fair dealing in Wyndchase's Operating Agreement in multiple respects including, without limitation, the following:

(a)    Failing and refusing to pay Wyndchase's debts as they become due;

(b)    Causing Wyndchase to make distributions to its members, principally to Sancap, that violate Section 53-19-26 of the New Mexico Limited Liability Company Act;

(c)    Disposing of funds set aside by Wyndchase for the payment of gross receipts tax owing with respect to the construction of the Wyndchase Apartments;

(d)    Failing and refusing to give Plaintiff credit for capital contributions it was forced to make in order to satisfy Wyndchase's debts as they became due; and

(e)    Granting, on behalf of Wyndchase, a mortgage to Sancap of the Wyndchase Apartments to secure an obligation that he claims Wyndchase has to Sancap.

33.    In breach of the covenant of good faith and fair dealing, Sancap and Howe have wrongfully and intentionally used their contracts with Plaintiff to the detriment of Plaintiff, and deprived Plaintiff of the benefits reasonably expected to be received by Plaintiff under Wyndchase's Operating Agreement and from Plaintiff's interest in Wyndchase.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

34.     At the time they breached the covenant of good faith and fair dealing, Howe and Sancap were consciously aware of the breach, but nevertheless proceeded with deliberate disregard for the potential harm to Plaintiff.

35.     As a direct and proximate result of the breach of the covenant of good faith and fair dealing by Sancap and Howe, Plaintiff has been damaged in an amount to be proven at trial.

36.     Through their breach of the covenant of good faith and fair dealing, Howe and Sancap also acted intentionally, knowingly, willfully, wantonly and with reckless disregard for the rights of Plaintiff, thereby warranting imposition of punitive damages.

WHEREFORE, for Count II, Plaintiff requests that the Court enter judgment against Sancap and Howe for compensatory, consequential and punitive damages, together with attorneys fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTIES BY HOWE

37.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

38.     As a manager of Wyndchase, Howe owes certain fiduciary duties to Plaintiff.

39.     Howe has breached his fiduciary duties to Plaintiff in multiple respects including, without limitation, the following:

        (a)     Failing and refusing to pay Wyndchase's debts as they become due;

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

Page 8 of 15

21

(b)      Causing Wyndchase to make distributions to its members, principally to Sancap, that violate Section 53-19-26 of the New Mexico Limited Liability Company Act;

(c)      Disposing of, or failing and refusing to account for, the funds set aside by Wyndchase for the payment of gross receipts tax owing with respect to the construction of the Wyndchase Apartments;

(d)      Failing and refusing to give Plaintiff credit for capital contributions it was forced to make in order to satisfy Wyndchase's debts as they became due; and

(e)      Granting, on behalf of Wyndchase, a mortgage to Sancap of the Wyndchase Apartments to secure an obligation that he claims Wyndchase has to Sancap.

WHEREFORE, for Count III, Plaintiff requests that the Court enter judgment against Howe for compensatory, consequential and punitive damages, together with attorneys fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper.

## COUNT IV
## CIVIL CONSPIRACY BY HOWE AND SANCAP

40.      Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

41.      Howe and Sancap have wrongfully, and for improper and unlawful purpose, conspired together and with other third persons, to deprive and deny Plaintiff's rights under Wyndchase's Operating Agreement, and otherwise arising out of the relationship between the parties.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\DOX\CLIENT\0590\007\00008432.WPD

42.     Through and pursuant to their conspiracy, Howe and Sancap, individually and in their capacity for Wyndchase, engaged in wrongful acts to the detriment and injury of Plaintiff.

43.     As a direct and proximate result of the unlawful and improper civil conspiracy between Howe and Sancap, Plaintiff has been damaged in an amount to be proven at trial.

44.     Through their civil conspiracy, Howe and Sancap acted knowingly, willfully, wantonly and with reckless disregard for the rights of Plaintiff, thereby warranting imposition of punitive damages.

WHEREFORE, for Count IV, Plaintiff requests that the Court enter judgment against Sancap and Howe for compensatory, consequential and punitive damages, together with attorneys fees and costs, all in an amount to be determined at trial, plus such other and further relief as the Court deems just and proper.

## COUNT V
## DECLARATORY JUDGMENT AS TO CAPITAL ACCOUNTS

45.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

46.     Plaintiff has been forced to pay, on behalf of Wyndchase, partially from the wrongful distributions that Howe has caused Wyndchase to make to Plaintiff, the costs of constructing the Wyndchase Apartments that were not funded by the loan to Wyndchase from Washington Federal and the payments due on that loan.

47.     As a result of paying Wyndchase's debts, Plaintiff's capital interest in Wyndchase has increased significantly.

48.     Sancap and Howe are refusing to recognize Plaintiff's additional capital contributions to Wyndchase.

WHEREFORE, for Count V, Plaintiff requests that the Court enter a declaratory judgment as to the balance of Plaintiff's capital account in Wyndchase and as to the balance of Sancap's capital account in Wyndchase.

## COUNT VI
## ACCOUNTING

49.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

50.     Howe has been, and is currently, responsible for management and operation of the Wyndchase Apartments.

51.     Howe refuses to pay all of Wyndchase's debts as they become due in the usual course of business.

52.     Howe is causing Wyndchase to make distributions to its members instead of using its assets to pay its debts as they become due in the usual course of business.

53.     Howe has refused to provide to Plaintiff a full accounting of Wyndchase's revenues and assets, including, in particular, Wyndchase's Tax Account.

WHEREFORE, for Count VI, Plaintiff requests that the Court grant Plaintiff equitable relief by ordering Howe to provide a full accounting of Wyndchase's assets.

## COUNT VII
## APPOINTMENT OF RECEIVER FOR WYNDCHASE

54.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

55.    The estimated gross monthly income of Wyndchase is approximately $18,000.00.

56.    Appointment of a receiver for Wyndchase is warranted based upon internal dissension and lack of harmony between its members, and to avoid further waste, dissipation of assets, misconduct, breach of duty, refusal of Howe to render an accounting to Plaintiff as to Wyndchase's Tax Account, exclusion of Dynek as a manager of Wyndchase, and misuse of the assets of Wyndchase.

57.    The appointment of a receiver in this matter to collect and receive all money now due or to become due Wyndchase, to pay all debts of Wyndchase now due or to become due, and to distribute the remaining money, if any, to Wyndchase at the conclusion of this lawsuit is proper to preserve the status quo between Plaintiff and Sancap while this lawsuit is pending.

58.    Irreparable harm to Plaintiff may result from the failure to appoint a receiver for Wyndchase.

59.    Randy McMillan of NAI First Valley Commercial Real Estate Services is qualified to serve as receiver of Wyndchase.  Mr. McMillan is over the age of 18, is not otherwise disqualified to administer the receivership estate, and possesses the necessary experience and expertise to serve as the receiver of Wyndchase.  A copy of Mr. McMillan's professional qualifications are attached to this complaint as **Exhibit B**.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

Page 12 of 15

WHEREFORE, for Count VII, Plaintiff requests that the Court appoint Randy McMillan of NAI First Valley Commercial Real Estate Services as receiver for Wyndchase, with full power and authority to collect and receive all money now due or to become due Wyndchase, to pay all debts of Wyndchase now due or to become due, and to distribute the remaining money to Wyndchase upon the conclusion of this lawsuit.

## COUNT VIII
### APPLICATION FOR
### PRELIMINARY INJUNCTION

60.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint as though fully set forth herein.

61.    Plaintiff is entitled to a preliminary injunction given the significant threat of irreparable harm if an injunction is not granted.  Unless enjoined by this Court, Howe and Sancap may conceal, dispose of, or waste documents, records, inventory or other property during the pendency of this lawsuit.

62.    Plaintiff is further entitled to a preliminary injunction based upon a balancing of the relative harms and equities in granting the requested injunction weighed against the potential harm in denying the requested relief.  Entry of the requested injunction will have minimal prejudicial impact on Wyndchase, Sancap or Howe.

63.    Plaintiff is entitled to the preliminary injunction requested herein based upon the substantial likelihood that Plaintiff will prevail on its claims set forth in this complaint.

64.    Plaintiff is further entitled to the preliminary injunction requested herein based upon the absence of a complete remedy at law.

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

65.     The furnishing of a security should not be required based upon good cause shown, and in the absence of potential damages to the enjoined parties in the event the requested injunction is granted.  In seeking this injunction, Plaintiff simply seeks to preserve the status quo and secure all documents, records, and property during the pendency of this lawsuit.

WHEREFORE, for Count VIII, Plaintiff requests that the Court enter a preliminary injunction against Sancap and Howe that enjoins them from taking any action on behalf of Wyndchase and from interfering with the receiver's performance of his duties.

LAW OFFICE OF KYLE H. MOBERLY, P.C.

By: _____

Kyle H. Moberly
Attorney for Plaintiff
2460 S. Locust Street, Suite E
Las Cruces, NM  88001
(575) 541-1278

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\0590\002\00008432.WPD

Page 14 of 15

27

# VERIFICATION

STATE OF NEW MEXICO

COUNTY OF DOÑA ANA

I, HARLO DYNEK, upon oath, do hereby certify and state:

1.    I am the manager of Kaiser, LTD., LLC;

2.    I have read the foregoing complaint; and

3.    The allegations therein are true, accurate and complete to the best of my knowledge, information and belief, except those allegations that are based upon information and belief, and, as to those, I believe them to be true.

HARLO DYNEK

Subscribed and sworn to before me this 15th day of January, 2015, by Harlo Dynek.

Notary Public

My commission expires: 11-13-2015

(SEAL)

Complaint - Kaiser LTD., LLC v.
Gary Howe, SANCAP, LTD, and
Wyndchase Apartments, LTD LLC

E:\Dox\CLIENT\059\002\00008432.WPD

Page 15 of 15

28

## MORTGAGE

### Security Agreement - Financing Statement

WYNDCHASE APARTMENTS, LTD. LLC., a New Mexico limited liability company ("Mortgagor"), whose mailing address is PO Box 13133, Las Cruces, NM  88013, for consideration paid, grants to SANCAP, LTD., an Ohio Limited Liability Company, whose address is PO Box 55, Sanibel, FL  33957 ("Mortgagee"), the following described real estate situated in Dona Ana County, New Mexico ("Mortgaged Property"):

A tract of land described in Exhibit "A" attached hereto

(i)All improvements and fixtures that are or will be located on the above described real property, including, without limitation, all buildings, structures and heating, air conditioning, ventilating, plumbing, electrical fixtures and wiring, and replacement of and additions to these fixtures, now or hereinafter constructed or affixed to such real  property; (ii)all easements, rights of way, or other  rights and privileges benefitting such real property, and (iii)all mineral interests, water rights, irrigation rights, ditch rights, and any other easements related thereto, benefitting or appurtenant to such real property, all of which Mortgagor agrees are or will be part of and affixed to the real estate above described, with mortgage covenants.

This Mortgage secures the payment of the following described indebtedness, present and future, owing and to become owing to Mortgagee:

(i)    All indebtedness now or hereafter evidenced and to be evidenced by that certain Equity Reimbursement Agreement ("Note") executed by principals of Mortgagor in the principal amount of **Nine Hundred  Twenty Thousand and 00/100 Dollars ($920,000.00)** bearing interest at the rates therein stated, principal and interest payable to the order of Mortgagee on the dates therein stated, with final payment due as delineated in the Agreement, and;

(ii)   Any renewals, extensions, rearrangements and modifications of the Note or of any indebtedness evidenced thereby, and;

(iii)  The terms and conditions of the Note being hereby incorporated herein by this reference.

This Mortgage is upon the statutory mortgage conditions for the breach of which it is subject to foreclosure as provided by law.

In addition to the covenants contained in the statutory mortgage condition, Mortgagor makes the following covenants and agreements, which additional covenants and agreements shall have the same force, meaning and effect as the words "statutory mortgage condition", and for the breach of any of the following covenants and agreements this Mortgage shall thereupon, at the option of Mortgagee, its successors and assigns, be subject to foreclosure in the manner and form provided by law for the breach of "statutory mortgage condition":



EXHIBIT

A

29

DONA ANA COUNTY, NM          08/22/2014 11:37:26 AM                    Instrument #: 1416983                    Page: 2 of 3

1. **Costs.** In the event of foreclosure of this Mortgage, Mortgagor agrees to pay all costs and expenses incurred by mortgagee incident to the foreclosure proceedings, including, without limitation, reasonable attorneys fees, and all of such costs and expenses to be deemed to be additional indebtedness hereby secured.

2. **Security Interest.** In addition to creating a Mortgage on the real and other property described above as the Mortgaged Property, Mortgagor also grants to Mortgagee a security interest in all property other than realty pursuant to the New Mexico Uniform Commercial Code. In the event of a foreclosure sale under this Mortgage, Mortgagor agrees that all such property may be sold as a whole at Mortgagor's option, and the property need not be present at the place of sale.

EXECUTED as of: ___8|4|14_____

MORTGAGOR:  WYNDCHASE APARTMENTS, LTD. LLC., a New Mexico Limited Liability Company

By: _Gary L. Howe_, _Manager_

STATE OF NEW MEXICO )

COUNTY OF DONA ANA )

The foregoing instrument was acknowledged before me this 14 day of _14_, 2014, by Gary L. Howe, Managing Member of Wyndchase Apartments, LTD. LLC., a New Mexico Limited Liability Company, on behalf of said Limited Liability Company.

_Elizabeth Graham_

NOTARY PUBLIC SIGNATURE AND SEAL

OFFICIAL SEAL
Elizabeth Graham
Notary Public
State of New Mexico
My Comm. Expires: 5-7-16

AFTER RECORDING RETURN TO:

SANCAP, LTD., PO Box 55, Sanibel, Florida 33957

30

EXHIBIT "A"

Property:   201 Three Crosses, Las Cruces, NM

A TRACT OF LAND SITUATE WITHIN THE CORPORATE LIMITS OF THE CITY OF LAS CRUCES, DONA ANA COUNTY, NEW MEXICO IN SECTIONS 1 AND 12, T.23S., R.1E. AND SECTIONS 6 AND 7, T.23S., R.2E., N.M.P.M. OF THE U.S.R.S. SURVEYS, BEING U.S.R.S. TRACT 9B-45B AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS, TO WIT;

BEGINNING AT A PK NAIL FOUND ON A ROCK WALL FOR A CORNER OF THIS TRACT; IDENTICAL TO THE SOUTHEAST CORNER OF LOT 1, THREE CROSSES AVENUE SUBDIVISION AS RECORDED MAY 30, 2004 IN PLAT RECORD 20, PAGES 714 AND 715 OF THE DONA ANA COUNTY RECORDS;

THENCE FROM THE POINT OF BEGINNING, ALONG THE EAST LINE OF SAID LOT 1 THE FOLLOWING TWO COURSES AND DISTANCES;

ALONG THE CENTER OF SAID WALL N.19°17'35"W., AT 74.25 FEET A PK NAIL FOUND FOR A WITNESS CORNER AND AT 76.25 FEET A CORNER OF THIS TRACT;

THENCE ALONG THE WEST SIDE OF SAID WALL N.04°50'55"W., 123.93 TO THE CORNER OF A CHAINLINK FENCE SURROUNDING AN EL PASO ELECTRIC COMPANY SUBSTATION FOR A CORNER OF THIS TRACT;

THENCE LEAVING THE EAST LINE OF SAID LOT 1, ALONG THE SOUTH SIDE OF THE CHAINLINK FENCE N.72°51'09"E., 63.75 FEET TO ANOTHER FENCE CORNER FOR A CORNER OF THIS TRACT;

THENCE ALONG THE EAST SIDE OF SAID FENCE N.15°37'12"E., 68.64 FEET TO A ½" IRON ROD FOUND ON THE SOUTH RIGHT OF WAY LINE OF THREE CROSSES AVENUE FOR THE NORTHWEST CORNER OF THIS TRACT;

THENCE ALONG SAID RIGHT OF WAY LINE N.72°40'55"E., 89.64 FEET TO A CITY OF LAS CRUCES ALUMINUM CAP FOUND FOR A CORNER OF THIS TRACT;

THENCE CONTINUING ALONG SAID RIGHT OF WAY LINE N.72°25'09"E., 350.67 FEET TO AN "X" CHISELED IN CONCRETE FOR THE NORTHEAST CORNER OF THIS TRACT;

THENCE LEAVING SAID RIGHT OF WAY LINE, S.10°09'31"E., 698.41 FEET TO AN "X" CHISELED IN THE BOTTOM OF A CONCRETE DRAINAGE DITCH FOR THE SOUTHEAST CORNER OF THIS TRACT;

THENCE S.69°57'40"W., AT 9.00 AN IRON ROD SET FOR A WITNESS CORNER AND AT 446.43 FEET A ½" IRON ROD SET ON THE EAST RIGHT OF WAY LINE OF THE LAS CRUCES LATERAL FOR THE SOUTHWEST CORNER OF THIS TRACT;

THENCE ALONG SAID RIGHT OF WAY LINE THE FOLLOWING THREE COURSES AND DISTANCES;

N.43°58'39"W., 305.35 FEET TO A ½" IRON ROD FOUND FOR A CORNER OF THIS TRACT;

THENCE N.55°48'59"W., 60.76 FEET TO A ½" IRON ROD FOUND FOR A CORNER OF THIS TRACT;

THENCE N.74°47'10"W., 91.87 FEET TO A ½" IRON ROD FOUND FOR THE MOST WESTERLY CORNER OF THIS TRACT;

THENCE LEAVING SAID RIGHT OF WAY LINE, ALONG THE SOUTH SIDE OF A ROCK WALL N.55°51'56"E., 266.42 FEET THE POINT OF BEGINNING, CONTAINING 8.760 ACRES OF LAND, MORE OR LESS, SUBJECT TO EASEMENTS AND RESERVATIONS OF RECORD. FIELD NOTES BY DIAMONDBACK LAND SURVEYING CO., INC.

A.P.N. 02-01930 and 02-00676

COUNTY OF DONA ANA          )                    MORTGAGE
STATE OF NEW MEXICO         ) ss                 PAGES: 3

I Hereby Certify That This Instrument Was Filed for Record On  AUG 22, 2014 11:37:26 AM And Was Duly Recorded as Instrument #  1416983 Of The Records Of Dona Ana County

Witness My Hand And Seal Of Office, Lynn J. Ellins, County Clerk, Dona Ana, NM

Deputy          Renee Torres

31





**One Choice...**



## Randy McMillan, CCIM, SIOR
## Qualifying Broker
## NAI Director

### SCOPE OF SERVICE EXPERIENCE

Randy McMillan is a Principal of NAI El Paso and NAI 1st Valley. In addition to his management and ownership responsibilities, Randy has remained a top producer for NAI and certainly one of the top commercial real estate brokers in Southern New Mexico. Randy has represented firms such as State National Bank, Community First Bank, Wells Fargo Bank, Pioneer Bank, New Mexico State University, Las Cruces Public Schools, Mesilla Valley Economic Development, POB Montgomery Retail Development, Mountain View Medical Hospital, Memorial Medical Hospital, Rawson Development, Curry Development, Multi Plastics, Star Chaser, Binns Development, Automated Thermal Processing, Cash Investments, Parkview Metal, and CVS.

### EDUCATION

Randy is a graduate of Las Cruces High School and attended both University of New Mexico and New Mexico State University. He graduated from the New Mexico Real Estate Institute in 1978. Randy has completed all of the CCIM courses, having scored 98% in course 102 and 100% in both 103 and 104. Randy is the only broker in Southern New Mexico to have completed all of the extensive educational and business production requirements for both of the CCIM, Certified Commercial Investment Manager, and SIOR, Society of Industrial and Office Realtors designations. Randy regularly attends the CCIM and SIOR conventions in his effort to continue his education and expand his contact base within the commercial real estate industry.

### BACKGROUND & EXPERIENCE

Randy became a real estate broker at the age of 18. He founded First Valley Realty Inc. two years later in 1979. Randy has had personal experience of over 35 years with numerous investment properties including retail, multi tenant office buildings, industrial buildings, apartment complexes, agricultural properties, health and fitness properties, and condominium developments. Randy has also worked closely with Mesilla Valley Economic Development in bringing many large employers to the city and meeting their real estate needs. Some of the companies Randy has helped bring to Las Cruces include Sitel customer service center, Allstate Claims Center, Automated Thermal Processing, Multi Plastics and Mountain View Medical Center. As a property owner and a broker Randy understands the needs and concerns from a client's view point.

### PROFESSIONAL AFFILIATIONS & DESIGNATIONS

Member of National Association of Realtors
SIOR, Society of Office and Industrial Realtors
CCIM, Certified Commercial Investment Manager
ICSC, International Council of Shopping Centers
Mesilla Valley Economic Development Alliance Partner
Winner of 2008 NAI Global Eagle Award
Winner of 2008 NAI Chairman's Award
Winner of NM CCIM Marketing Deal of the Year Award, 2008
Winner of NAI Elite Award 2009 – 2013



1155 S. Telshor
Las Cruces, NM 88011
+1 575 521 1535
+1 575 640 7213 c
randy@1stvalley.com
1stvalley.com

**EXHIBIT**

**B**

**APPENDIX C**

District Court Docket Entry 3: Defendants-Appellants' Answer to Complaint and Counterclaims

IN THE UNITED STATES DISTRICT COURT
FOR THE NEW MEXICO DISTRICT
LAS CRUCES DIVISION

| | | |
|---|---|---|
| **KAISER, LTD. LLC, a New Mexico**<br>**Limited Liability Company** | ) | **CASE NO. 2:15-cv-139**<br>**Judge William P. Lynch** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES OF DEFENDANTS GARY** |
| | ) | **HOWE, SANCAP, LTD,** |
| | ) | **AND WYNDCHASE APARTMENTS** |
| | ) | **LTD. LLC., COUNTERCLAIMS, AND** |
| | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT,** |
| | ) | **REQUEST FOR** |
| | ) | **TEMPORARY RESTRAINING** |
| | ) | **ORDER AND APPLICATION FOR** |
| | ) | **PRELIMINARY INJUNCTION WITH** |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **GARY HOWE, SANCAP LTD, an Ohio** | ) | |
| **Limited Liability Company, and** | ) | |
| **WYNDCHASE APARTMENTS LTD LLC,** | ) | |
| **a New Mexico Limited Liability Co.** | ) | |
| | ) | |
| Defendants. | ) | |

Come now DEFENDANTS GARY HOWE, SANCAP LTD., and WYNDCHASE APARTMENTS LTD LLC, by and through their attorney, and for their answer, affirmative defenses, counterclaims, complaint for Declaratory Judgment, and Temporary Restraining Order and Preliminary Injunction, would show the Court as follows:

1.    Defendants admit the allegations contained in paragraph one (1) of Plaintiff's Complaint.

1045353.2

1

2.    Defendant Howe admits the allegation in paragraph two (2) that he is a resident, as well as a citizen of the State of Florida but denies the remaining allegations contained in paragraph two (2) of Plaintiff's Complaint.

3.    Defendant SANCAP, LTD admits the allegation contained in paragraph three (3) of Plaintiff's complaint that it is an Ohio Limited Liability Company but denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    Defendants admit the allegations contained in paragraph four (4), five (5) and six (6) of Plaintiff's Complaint.

5.    Defendants deny the allegations contained in paragraphs seven (7) and eight (8) of Plaintiff's complaint that the Third District Judicial Court for Dona Ana County has subject matter jurisdiction and is the proper venue for this action.

6.    Defendants admit the allegations contained in paragraphs nine (9) and ten (10) of Plaintiff's Complaint.

7.    Defendants specifically deny the allegations contained in paragraph eleven (11) of Plaintiff's Complaint and states that defendant Howe is the sole managing member of Wyndchase Apartments LTD LLC pursuant to the Operating Agreement (hereinafter "OA"), as amended, for Wyndchase Apartments LTD LLC which is the governing document for the operation of Wyndchase Apartments.

8.    Defendants admit the allegations contained in paragraphs twelve (12) and thirteen (13) of Plaintiff's Complaint.

9.    Defendants admit the allegation contained in paragraph fourteen (14) of Plaintiff's Complaint that Wyndchase did not assume or agree to pay the debt to Tres Cruces but deny the remaining allegations contained therein paragraph fourteen (14) of Plaintiff's Complaint.

1045353.2

2

Alternatively, Defendants further state that any such alleged agreement requires a writing pursuant to the requirements of the Statute of Frauds and absent written agreement, is unenforceable.

10.    Defendants admit the allegations contained in paragraph fifteen (15).

11.    Defendants are without sufficient knowledge, information or belief as to the allegations contained in paragraph sixteen (16) of Plaintiff's Complaint so as to admit or deny the allegations therein and therefore denies same, because HARLO DYNEK, as KAISER LTD LLC, signed and agreed to the construction contract between Wyndchase and Summit Building and Development, LLC—an entity owned and operated by HARLO DYNEK—without prior approval or review by Defendants.

12.    Defendants deny the allegations contained in paragraphs seventeen (17) of Plaintiff's Complaint.

13.    Defendants deny the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint and further deny that Wyndchase has any debt to Summit Building and Development, LLC and further specifically deny that any payment allegedly paid by Plaintiff constitutes a "capital contribution" as defined within the terms of the OA of Wyndchase Apartments LTD LLC .

14.    Defendants admit the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

15.    Defendants admit the allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in paragraphs twenty-one (21), twenty-two (22) and twenty-three (23) of Plaintiff's complaint.

17.    Defendants deny that Howe is manager of Wyndchase Apartments in that there is a property manager in place for Wyndchase Apartments but admits that HOWE is the sole Managing Member of Wyndchase Apartments LTD LLC which is the entity that owns Wyndchase Apartments.

18.    Defendants deny the allegations contained in paragraph twenty five (25) that defendant Howe has refused to make payments to Washington Federal and state that Plaintiff failed to submit any payment invoices for these payments to Defendants leading Defendants to reasonably conclude that plaintiff intended to pay these obligations personally as Plaintiff and its counterpart Harlo Dynek was in serious default of an Equity Reimbursement Agreement (hereinafter "ERA") that Plaintiff and its counterpart Harlo Dynek entered into with Defendant SANCAP, LTD., which ERA was a condition precedent of SANCAP LTD's investment and involvement in this project. Therefore, Plaintiff may have tendered these payments as an attempt at mitigation of its default of the ERA which preceded the obligation to Washington Federal. Had Plaintiff and its counterpart Harlo Dynek not defaulted on the ERA obligation and completed same as agreed, there would be no issue before this Court. Additionally, Howe is under no personal or individual obligation or duty to make any such payments, whether or not SANCAP is under such a duty.

19.    Defendants admit the allegation contained in paragraph twenty-six (26) in that Wyndchase has made distributions to **both** its members in compliance with the terms of the ERA and that Plaintiff member cashed such distribution check (see attached Exhibit "2") and that all distributions have been accounted for to members pursuant to the ERA and defendants deny such distributions violate the New Mexico Limited Liability Act and alternatively if such distributions violated said Act, that they did not violate the OA or the ERA that the members agreed to and

ratified, and that such OA controls. In addition or in the alternative, Plaintiff herein has waived

such violation by its acceptance and endorsement of said check for the distribution and is thereby

estopped from denying the validity and enforceability of the ERA.

20.     Defendants admit the allegation contained in paragraph twenty-seven (27) of

Plaintiffs complaint that it granted a mortgage but deny that such action was not authorized

under the terms of the OA as it was authorized, as a managing member and pursuant to the

powers granted to a managing member under the OA, the power and authority to do so as a result

of Plaintiff's default of the ERA.

21.     Defendants specifically deny the allegations contained in paragraphs twenty-nine

(29) and thirty (30), and their subparts, of Plaintiff's Complaint.

22.     Defendants specifically deny the allegations contained in paragraphs thirty-two

(32) and thirty-three (33), and their subparts, and paragraphs thirty-four (34), thirty-five (35) and

thirty-six (36) of Plaintiff's Complaint.

23.     Defendants specifically deny the allegations contained in paragraphs thirty-eight

(38) and thirty-nine (39), and their subparts, of Plaintiff's Complaint.

24.     Defendants specifically deny the allegations contained in paragraphs forty-one

(41), forty-two (42), forty-three (43), and forty-four (44) of Plaintiffs Complaint.

24.     Defendants deny the allegations contained in paragraphs forty-six (46) and forty-

seven (47) of Plaintiffs Complaint.

25.     Defendants admit the allegations contained in paragraph forty-eight (48) of

Plaintiffs Complaint.

26.     Defendants deny the allegations contained in paragraph fifty (50) of Plaintiff's Complaint. HOWE has been, and is currently, responsible for management and operation of the Wyndchase Apartments.

27.     Defendants deny the allegations contained in paragraphs fifty-one (51) , fifty-two (52), and fifty-three (53) of Plaintiff's Complaint and specifically state that Howe has no obligation to pay any debt or expenses or provide an accounting.  Nevertheless, SANCAP has consistently and continually provided to Plaintiff, since July of 2014 when units were occupied, at least monthly, if not more frequently, full accounting to Plaintiff of funds received, disbursed, copies of bank deposit slips, copies of rent rolls, copy of leasing reports and monthly profit and loss statements, some of which are attached to Plaintiff's Complaint as exhibits.

28.     Defendants deny the allegations contained in paragraphs fifty-five (55), fifty-six (56), fifty-seven (57), and fifty-eight (58) of Plaintiff's Complaint and specifically states that such actions would constitute a waste of the assets of Wyndchase Apartments in that all invoices, bills, and legal debts and obligations, as timely presented to Wyndchase Apartments LTD LLC, are being and have been paid by the current Managing Member of Wyndchase Apartments LTD LLC.  The appointment of a receiver is an unnecessary expense that Wyndchase Apartments cannot afford at this juncture as it struggles to obtain occupancy and income stabilization. Plaintiff requests this action, not because he is uninformed as to the financial status of the monthly operations of Wyndchase Apartments, but because he is attempting to circumvent his obligations under the ERA, has been legally removed as a manager under the process and terms of the OA by the majority interest owner of Wyndchase Apartments, SANCAP LTD.,   and therefore has no legal right to control the operations of Wyndchase Apartments pursuant to the

1045353.2

OA of Wyndchase Apartments LTD LLC, which is the governing document of Wyndchase Apartments.

29.     Defendants are without sufficient knowledge, information, or belief so as to form an opinion as to the qualifications of Randy McMillan to serve as receiver but hereby reiterates its objection to the appointment of a receiver in that a receiver is unnecessary at this juncture and is not in the best interests of Wyndchase Apartments LTD LLC as it would constitute a waste of its assets as an additional financial burden and unnecessary expense.

30.     Defendants deny the allegations contained in paragraphs sixty-one (61), sixty-two (62), sixty-three (63), sixty-four (64) and sixty-five (65) of Plaintiff's Complaint.

31.     Further, Defendants deny each and every other or remaining allegation contained in Plaintiff's Complaint not specifically admitted of denied herein.

## AFFIRMATIVE DEFENSES

32.     Defendants herein assert that Plaintiff fails to state a cause of action against Defendant Howe for which relief can be granted under FRCP 12(b)(6) in that all actions by Defendant Howe alleged in Plaintiff's Complaint were actions taken in his capacity as the manager of SANCAP, a limited liability company, not in Howe's personal capacity.

33.     In addition, in the alternative, and without waiving any other right or defense, Defendants herein assert that Plaintiff fails to state a cause of action against Defendant SANCAP for which relief can be granted under FRCP 12(b)(6).

34.     In addition, in the alternative, and without waiving any other right or defense, Plaintiff lacks jurisdiction over defendants herein under FRCP 12(b)(2) in that service upon Defendants was never properly secured and perfected.

1045353.2

35.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert the affirmative defense of insufficient process under FRCP 12(b)(4).

36.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert the affirmative defense of insufficient service of process under FRCP 12(b)(5).

37.     In addition, in the alternative, and without waiving any other right or defense, Plaintiff's Complaint violates the Statute of Frauds as the purported contract or agreement alleged in paragraph fourteen (14) of Plaintiff's Complaint falls within a class of contracts or agreements required to be in writing.  The purported contract or agreement alleged in paragraph fourteen (14) of the Complaint is not in writing and signed by the Defendants or by some other person authorized by the Defendants and who was to answer for the alleged debt.

38.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert that the Complaint includes references to alleged agreements made outside of the alleged written contract, violating the Parole Evidence Rule.

39.     In addition, in the alternative, and without waiving any other right or defense, Defendants invoke the Doctrine of Unclean Hands as the Defendants allege that the Plaintiff or the Plaintiff's principals have acted in a dishonest or fraudulent manner with respect to the disputes at issue in this case.

40.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert that Plaintiff's claims are barred by the affirmative defense of waiver.

41.     In addition, in the alternative, and without waiving any other right or defense, Defendants allege that Plaintiff is not entitled to reimbursement of attorneys' fees because the alleged contracts did not include such a provision, and there is no law that otherwise allows them.

1045353.2

42.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert that Plaintiff's alleged damages are the result of acts or omissions committed by the Plaintiff.

43.     In addition, in the alternative, and without waiving any other right or defense, Plaintiff lacks standing or authority to allege causes of action on behalf of Harlo Dynek, Andrea Dynek, Harlo Dynek Development, LLC, and Summit Building and Development, LLC. Plaintiff's Complaint attempts to seek damages for such parties.

44.     In addition, in the alternative, and without waiving any other right or defense, Defendants assert that Plaintiff did not perform a condition precedent to any contract between the parties, thus causing any consideration to fail.

45.     In addition, in the alternative, and without waiving any other right or defense, Plaintiff failed to mitigate its damages.

## COUNTERCLAIMS

Come now Defendants HOWE and SANCAP LTD and for their counterclaims against Plaintiff states:

1.     Defendants HOWE is a resident and citizen of the State of Florida.

2.     Defendant SANCAP LTD is an Ohio Limited Liability Company with its principal place of business located in the State of Florida.  Defendant HOWE is the Managing Member of SANCAP LTD.

3.     Plaintiff KAISER LTD LLC is a New Mexico Limited Liability Company with its principal place of business located in Las Cruces, New Mexico.

4.     The events within this counterclaim that form the basis of this claim arose and occurred in Dona Ana County, New Mexico.

1045353.2

5.     This Court has subject matter jurisdiction pursuant to 11 U.S.C. Section 1332 in that the amount in controversy exceeds $75,000 and is between citizens of different States.

6.     Venue is proper under 28 U.S.C. Section 1391 (b)(1) & (2) and (c)(1) & (2).

## FACTUAL ALLEGATIONS

### COUNT I
### BREACH OF CONTRACT BY KAISER LTD LLC

7.     On or about May 17, 2013, the parties entered into a "Phase I (40 Units) Equity Reimbursement Agreement" (hereinafter "ERA") which is attached as Exhibit "C" within Exhibit "1'" which is attached herein, an Affidavit of SANCAP LTD by and through its Managing Member Gary L. Howe.

8.     Said ERA required that equity reimbursements to both members occur on a monthly basis and that said reimbursements be completed in full within the first four (4) bank construction draws.

9.     Equity reimbursements occurred as required pursuant to the ERA for the first two (2) draws and said reimbursements were made to both KAISER LTD LLC and SANCAP LTD.

10.     KAISER LTD LLC accepted said reimbursements and endorsed the reimbursement checks distributed, copies of which are attached herein as Exhibit "2".

11.     KAISER LTD LLC acceptance and endorsement constitutes a further acknowledgment of the validity of the ERA and KAISER LTD is estopped from denying the validity of the ERA and by its acceptance and endorsement of said reimbursement checks, waives any and all claim that the ERA was not a legally binding agreement intended to be fully enforceable by the parties thereto.

12.     Further, paragraph three (3) states that this agreement supersedes and overrides any provision that may be contrary to the ERA within the Operating Agreement ("OA") of Wyndchase Apartments LTD LLC.

13.     Sometime in August 2013 and after the first two (2) reimbursements were timely made, KAISER LTD LLC failed to turn over to Wyndchase Apartments bank loan draws from which equity reimbursements were made.  Therefore, KAISER LTD LLC breached the plain and express terms of the ERA.

14.     As a result of KAISER LTD LLC's breach of the ERA, SANCAP LTD has failed to receive the return pursuant to the explicit terms of the ER of over Two Hundred Thousand Dollars ($200,000.00) and has been damaged by at least that amount.

15.     Despite repeated requests by SANCAP LTD, KAISER LTD LLC failed and continues to fail to this date to remit the required draws to Wyndchase Apartments to allow the terms of the ERA to be enforced.

16.     Every action by SANCAP LTD subsequent to KAISER LTD LLC's breach of this ERA in August of 2013 has been an attempt to force KAISER to comply with the terms of the ERA and failing that, to enforce SANCAP LTD's rights under the ERA in any manner legally available to SANCAP LTD.  Under the terms of the ERA, which pursuant to the ERA takes precedence over the OA, HOWE, as Managing Member, has the authority, pursuant to its powers as Manager to take any action to enforce contracts agreed to by its Members.

17.     Each and every result or event since KAISER LTD LLC's breach in August 2013 of the ERA has only occurred because KAISER LTD LLC breached said ERA and had KAISER LTD LLC not breached said ERA, the parties would not be before this Court at this juncture regarding these issues.

1045353.2

18.     KAISER LTD LLC and SANCAP LTD, specifically GARY HOWE (SANCAP LTD) and HARLO DYNEK (KAISER LTD LLC), had numerous meetings prior to the beginning of this project whereby HOWE advised DYNEK that the return of capital within the first four (4) months of the project was of paramount importance to HOWE, which fact was agreed to by DYNEK, and was an absolute condition precedent of SANCAP LTD and HOWE's involvement with the project.  Assurances were made by DYNEK that said reimbursements would occur and such assurances induced HOWE to invest in the project.  Simply put, had not such assurances and agreement been put forth by DYNEK, HOWE would not have invested in the project.  It is also plainly evident that the equity reimbursements were the intent of the parties as they reduced such intent to a writing, hence the ERA.

WHEREFORE, for Count I, Defendant SANCAP requests this Court enter judgment against KAISER LTD LLC for compensatory damages of at least Two Hundred Thousand Dollars ($200,000.00), the actual amount of which shall be proven at trial, consequential and punitive damages in an amount to be proven at trial, together with attorneys' fees and costs herein, plus any such and other relief as this Court deems appropriate.

## COUNT II
## FRAUDULENT INDUCEMENT

19.     Defendant SANCAP LTD and HOWE incorporate herein by reference the allegations contained in the preceding paragraphs of this counterclaim as if fully written herein.

20.     Plaintiff KAISER LTD fraudulently induced Defendant SANCAP LTD to enter into such ERA with the specific and express purpose to secure SANCAP LTD investment in this project and then having failed to fully comply with the terms of the ERA, damaged SANCAP LTD.

1045353.2

21.     Representations were made to SANCAP LTD and HOWE by KAISER LTD that equity reimbursements would occur as agreed and said representations, with the intent that SANCAP LTD would rely upon them, were reasonably relied on by SANCAP LTD to its detriment.

WHEREFORE, for Count II, Defendant SANCAP LTD request judgment against Plaintiff KAISER LTD LLC for compensatory, consequential, and punitive damages, in amount to be determined at trial, and for attorneys' fees and costs and any such other relief this Court may deem appropriate.

**COUNT III**
**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

22.     Defendants incorporate by reference all relevant allegations contained in the preceding paragraphs of this counterclaim as if fully written herein.

23.     This Court has the authority to grant declaratory relief pursuant to 11 U.S.C. Sections 2201 and 2202 and implemented through Rule 57 of the Federal Rules of Civil Procedure.

24.     This Court has the authority and is authorized to issue preliminary and permanent injunctive Relief as requested under rule 65 of the Federal Rules of Civil Procedure.

**GENERAL FACTUAL ALLEGATIONS**

25.     On February 20, 2012, SANCAP LTD and KAISER LTD, by later assignment, entered into an Operating Agreement of Wyndchase Apartments LTD LLC, a copy of which, with amendments is attached hereto as Exhibit "A" to Exhibit "1" and hereinafter referred to as the "OA".

1045353.2

26.      Wyndchase Apartments LTD LLC is a New Mexico Limited Liability Company formed to construct and operate a residential apartment development known as "Wyndchase Apartments" located in Las Cruces, New Mexico.

27.      The members of Wyndchase Apartments LTD LLC are SANCAP LTD and KAISER LTD LLC.  KAISER LTD LLC was admitted as member, in substitution of Harlo Dynek, by amendment dated April 12, 2013.

28.      The "Capital Interests", as defined on page one (1) of the OA, of the members were, as denoted in an amendment dated May 29, 2013, to be Three Hundred Fifty Thousand Dollars ($350,000.00) for SANCAP LTD and One hundred Twenty Five Thousand One Hundred Thirty Five and 90/100 Dollars ($125,135.90) for KAISER LT LLC.

29.      The original "capital proportion", as defined within the definition of "Capital Interests" on page one (1) of the OA, of the members is Seventy Three and 66/100 (73.66%) for SANCAP LTD and Twenty Six and 34/100 (26.34%) for KAISER LTD LLC and as of this date, remains approximately the same at 73.91% for SANCAP LTD and 26.09% for KAISER LTD LLC.

30. The "Majority Interest" is defined on page three (3), item (n) of the OA as "one or more interests of Members which taken together exceed fifty percent (50%) of the aggregate of all Capital interests".  Therefore, SANCAP LTD, by holding capital interests exceeding fifty percent (50%), holds the majority interest as defined by the OA.

30.      "Quorum" is defined, on page 13 part 7.07 of the OA, as "Members holding at least two thirds of all Capital Interests, represented in person or by proxy, shall constitute a quorum at any meeting of members".  Therefore, since SANCAP LTD holds more than a two thirds (66.66%) ratio of all Capital Interests, at any meeting called by any member, SANCAP

LTD represents the "Quorum" as defined by the OA and also holds the "Majority Interest" as also defined in the OA and noted in paragraph 29 above.

31.     Part 7.08 on page 13 of the OA states that "if a quorum is present, the affirmative vote of Members holding a Majority Interest shall be the act of the Members".  Therefore, at any meeting called by any member and pursuant to the OA, SANCAP LTD represents a quorum and holding the Majority Interest, can vote that interest as it desires.

32.     Further, part 8.02 on page 14 of the OA states that ". . . no member shall be required to make any Capital Contributions."   It further states that only and unless " . . . unanimously approved by the Managers . . ." members may not make additional capital contributions.  It further states that if approved unanimously by the members, "Members shall have the opportunity, but not the obligation, to participate in such additional Capital Contribution . . .."  Stated plainly, no member, without **unanimous** consent of the **managers**, can contribute additional capital for any purpose and more especially, for the purpose to alter the capital contribution amounts to affect the capital interest calculation so as to adjust Capital Interest ratios.

33.     An actual controversy has arisen and now exists as to which party holds control of Wyndchase Apartments LTD LLC as defined by the OA and thereby which party holds the authority to manage and control the asset.  SANCAP LTD seeks to clarify, assert, and protect its rights under the OA in order to properly manage the asset and resolve the current unsettled state of affairs between the parties as to who controls the assets of Wyndchase Apartments LTD LLC.

34.     Declaratory relief is presently necessary and appropriate and Defendant SANCAP LTD desires a judicial determination of its rights under the OA.

35.    Said resolution of the issue of who controls under the terms of the OA will resolve all matters between the parties in that once it is determined who controls, the remaining issues will reduced to enforcing the OA as it relates to its members.  Further, the disagreement between the members about WHO controls has resulted in the current problems between the parties which are reflected in this litigation herein.  Simply put, resolve the issue of who controls under the OA, and the remaining issues become moot.

WHEREFORE, Defendant SANCAP LTD prays for judgment pursuant to 11 U.S.C. Section 2201 as enforced through Rule 57 of the Federal Rules of Civil Procedure and a judgment declaration that:

a.  SANCAP LTD, pursuant to the OA that is the governing document of Wyndchase Apartments LTD LLC, holds the Majority Interests as defined within the OA;

b.  At any meeting of the members, SANCAP LTD, by holding a majority interest in excess of 66.66% represents the Quorum at any such meeting;

c.  That no member is required to make any additional capital contribution over and above the initial capital contribution under the terms of the OA;

d.  That no capital contribution can be made without the unanimous consent of its managers as required by the terms of the OA;

e.  That this Court retain jurisdiction over this matter to enforce same under 28 U.S.C. Section 2202;

f.  That this Court enjoin Plaintiff KAISER LTD,  pursuant to Rule 65 of the Federal Rules of Civil Procedure, or its agents, employees, members, spouses of members, representatives, or assigns form interfering with Defendant's SANCAP LTD control, management and operation of Wyndchase Apartments;

g.  That this Court order a speedy hearing on this matter as permitted under Rule 57 of the

    Federal Rules of Civil Procedure; and

h.  For any such other further relief as this Court deems appropriate.

## COUNT IV
### TEMPORARY RESTRAINING ORDER AND APPLICATION FOR PRELIMINARY INJUNCTION

36.    Defendants herein incorporate by reference the allegations contained in the relevant preceding paragraphs of Defendant's answer and counterclaims as if fully rewritten herein.

37.    On Sunday February 22, 2015 at approximately 3:00 P.M., Plaintiff KAISER LTD LLC and or its agents, members, spouse of members, representatives and employees forcibly entered the apartment management office located at Wyndchase Apartments, changed the locks, removed office and tenant records, and placed written notice on all residents doors that it was now the owner and manager of Wyndchase Apartments and that the current property manager Bonnie Matekovic was terminated effective immediately.

38.    Plaintiff further advised the property manager, who was notified by a concerned resident and appeared at the office to investigate, that they "were taking over" and that she was terminated and that she should immediately leave the premises.  All of this was videotaped by the property manager's husband.

39.    Defendants further assert that Plaintiff, KAISER LTD LLC and its counterparts HARLO DYNEK and ANDREA DYNEK have attempted to discharge said property manager solely due to the fact that her son, Michael Ferguson, was employed by a subcontractor of Summit Building and Development, LLC, an entity owned by the same HARLO DYNEK and/or ANDREA DYNEK, was seriously injured during the construction of Wynchase Apartments for

1045353.2

17

which Summit Building and Development, LLC was the general contractor.  As a result of his injury, Michael Ferguson has suffered serious injuries requiring medical treatment that cost in excess of $1,000,000.00 to date and as a result, initiated litigation against, among others, HARLO DYNEK and Summit Building and Development, LLC (Case No. D-307-CV-2014-01978 in the Third Judicial District Court of the County of Dona Ana).  Defendants contend that Plaintiff KAISER LTD LLC, and its counterparts, hold ill will and animus against the property manager for her son's lawsuit and have tried to terminate her without cause and authority since that time.  These attempts could be construed as a "retaliatory discharge" for which, her employer, Wyndchase Apartments could be liable.  Should Plaintiff be allowed to continue such actions, Plaintiff will cause irreparable harm to Wyndchase Apartments.

40.     Upon notification by the property manager, Defendant HOWE instructed the manager not to return to the premises to avoid any further confrontation with KAISER LTD LLC and or its agents, members or spouses as Defendant HOWE was advised that Plaintiff's principal's spouse, ANDREA DYNEK, was extremely verbally abusive and threatening to the property manager and that the property manager feared for her personal safety, since at one point ANDREA DYNEK slammed the door on the managers hand.

41.     All of the above occurred without the express permission, consent, or agreement of HOWE, who is the only managing member of Wyndchase Apartments LTD LLC which is the entity that owns Wyndchase Apartments.  Plaintiff KAISER LTD LLC had absolutely no legal authority, under the OA, to take the above actions.

42.     Upon information and belief, all of the above actions on that Sunday were known in advance by KYLE MOBERLY, the attorney for Plaintiff herein, who may or may not have endorsed such actions.  Plaintiff's allegedly felt the "legal system" had let them down and they

1045353.2

had no choice but to take this action. All of this while Plaintiff, by and through their attorney, initiated the very litigation herein seeking relief within a legal system that they now claim has "let them down". While it can be appreciated that the Plaintiff did not exactly get "its way" and is frustrated, the Plaintiff and its counterparts' actions reflect a contempt, a disrespect, and a disregard for this Court and the judicial process.

43.    Further on Thursday February 27, 2015, Plaintiff KAISER LTD LLC, by and through HARLO DYNEK, appeared at the property managers personal residence and delivered a written notice, attached as Exhibit "3", to the manager, her spouse, and her son a notice to stay away from Wyndchase Apartments upon threat of arrest. Again, Plaintiff KAISER LTD LLC has no authority under the OA to issue such notice upon behalf of Wyndchase Apartments.

44.    Plaintiffs wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Defendants in that it creates a unauthorized disruption to the operations of Wyndchase Apartments, confuses and upsets residents, and could lead residents to vacate due to their feeling of uncertainty as to who will manage their occupancy.

45.    Defendants have no adequate and timely remedy at law for these injuries currently being suffered unless the Plaintiff's conduct is restrained and the status quo reinstated so as to maintain the smooth and peaceful operation of Wyndchase Apartments.

46.    Defendants are entitled to a Temporary Restraining Order and Preliminary Injunction to immediately restore the status quo pending ultimate resolution of the claims of parties herein. Defendants will suffer irreparable harm unless Plaintiff is enjoined by this Court as Plaintiff has already disrupted the normal operation of the business and removed records, equipment, and threatened the current property manager.

1045353.2

19

47.     Plaintiff's obvious contempt for the legal system and "self-help" effort should not be rewarded as they attempt to circumvent a legal process **initiated** by them.

WHEREFORE, for Count IV, Defendants requests this Court enter a Temporary Restraining Order and/or Preliminary Injunction to restore the status quo and enjoin Plaintiff KAISER LTD LLC, it agents, members, spouse of members, employees, or representatives from taking any action to interfere with the operations of Wyndchase Apartments or its property manager, Bonnie Matekovic, as it existed prior to their illegal and unauthorized actions.

## DEMAND FOR JURY TRIAL

48.     Defendants herein request trial by jury on all issues so triable by jury.

## RIGHT TO AMEND

48.     Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant reserves its right to amend this Original Answer as a matter of course within 21 days after serving this pleading.

## PRAYER FOR RELIEF

WHEREFORE, defendants GARY HOWE, SANCAP LTD. and WYNDCHASE APARTMENTS LTD LLC prays that this Plaintiff's original action be dismissed and that Defendants be heard on all issues raised and asserted in their counterclaims, declaratory action, and temporary retraining and preliminary injunction, and for an award of costs and attorney fees.

Dated March 3, 2015.

Respectfully submitted,

**SCOTTHULSE** <sup>PC</sup>
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:     /s/ James M. Feuille                    

**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 3rd day of March, 2015.

Kyle H. Moberly
Attorney for Plaintiff
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278
kyle@mobelaw.com

/s/ James M. Feuille                    
**JAMES M. FEUILLE**

1045353.2

**APPENDIX D**

District Court Docket Entry 5: Plaintiff-Appellee's Motion to Remand

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KAISER LTD. LLC, a New Mexico
limited liability company,

Plaintiff,

vs.                                                    No.  2:15-CV-139 WPL-SMV

GARY HOWE, SANCAP, LTD.,
an Ohio limited liability company and
WYNDCHASE APARTMENTS, LTD., LLC,
a New Mexico limited liability company,

Defendants.

### PLAINTIFF'S MOTION TO REMAND
### AND FOR ATTORNEYS' FEES

COMES NOW Plaintiff, Kaiser LTD, LLC ("Kaiser" or "Plaintiff"), by and through its

counsel of record, and moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case to

the Third Judicial District Court of New Mexico and to award attorneys' fees and costs incurred

by Plaintiff due to the improper removal of this action by Defendants Gary Howe ("Howe") and

Sancap, LTD ("Sancap").  This case should be remanded for at least two reasons:

1.        Defendants Howe and Sancap's removal was procedurally improper.    Both

managers of Defendant Wyndchase Apartments, LTD LLC ("Wyndchase") did not consent to

removal, and as a result, it is questionable whether Howe's lone consent to removal on behalf of

Wyndchase was effective.  Therefore, Wyndchase's consent to removal should be disregarded

for purposes of the rule of unanimity.

2.        This Court does not have diversity jurisdiction because Kaiser and Wyndchase are

both citizens of New Mexico.  Wyndchase is a real and substantial party to this controversy,

1

which has been properly joined under both Rule 1-020(A) NMRA and Fed. R. Civ. P. 20(a). There has been no fraudulent joinder or procedural missteps taken on the part of Plaintiff Kaiser.

In contrast, Defendants Howe and Sancap seek to exploit and manipulate the Court's procedures to delay Kaiser's requested relief. It is no coincidence that Howe and Sancap filed their notice of removal on the very day that the Temporary Restraining Order entered in this matter expired **and** this matter was set for hearing on a preliminary injunction. *See* Doc. 1-5, Amended Temporary Restraining Order, at 3 (extending the temporary restraining order through 1:15 p.m. on February 19, 2015 and setting this matter for hearing on Kaiser's motion for appointment of a receiver for Wyndchase and for a preliminary injunction against Howe and Sancap at that same time). Defendants Howe and Sancap were well aware that the filing of their notice of removal automatically stayed all state-court proceedings. *See* Notice of Filing of Notice of Removal to Federal Court, attached hereto as **Exhibit A** without exhibits (asserting that by filing their notice of removal, Defendants Howe and Sancap "immediately divest[ed] this [State] Court of any further jurisdiction over this action . . ."). In short, they knew that by filing their notice of removal, the TRO would expire and the motion for appointment of a receiver for Wyndchase and for a preliminary injunction against Howe and Sancap would not be heard.

Similarly, Defendants Howe and Sancap evaded service of process. They both refused to allow their lawyer to accept service of process on their behalf. *See* Motion for Order Allowing Substitute Service, attached hereto as **Exhibit B**. In response to Plaintiff's motion, Judge Driggers allowed substitute service of process. *See* Order Allowing Substitute Service, attached hereto as **Exhibit C**. Process was served on February 12, 2015. *See* Summons Returns for Defendants, attached hereto as **Exhibit D**. Defendants removed this action to federal court one week later.

2

Pursuant to D.N.M. LR-Civ. 7.1, counsel for Defendants was contacted for their consent to this motion. Defendants oppose.

## I.    BACKGROUND

This lawsuit is about the purchase of land in Las Cruces, New Mexico, the construction of apartments on that land, and the management of those apartments, which are called the Wyndchase Apartments (the "Apartments"). Kaiser's predecessor in interest and Sancap formed Defendant Wyndchase to construct and manage the Apartments. [Doc 1-1, at 3-5, Pl.'s Compl. ¶¶ 9-18.] Wyndchase has two managers: Defendant Howe and a gentleman by the name of Harlo Dynek. [*Id.* at ¶ 11.] Wyndchase incurred debts in connection with the purchase of the land and the construction of the Apartments, and Wyndchase, under the management of Defendant Howe, has failed to use the rents collected from the Apartments to pay those debts. [*Id.* at ¶¶ 24-25.] Instead, Defendant Howe has made distributions to Wyndchase's members, primarily for the benefit of Sancap. [*Id.* at ¶ 26.]

The management and control of Wyndchase is a matter of considerable dispute. Given Defendant Howe's refusal to direct the use of Wyndchase's funds to pay its debts, Plaintiff Kaiser filed its complaint against Howe, Sancap, **and Wyndchase**, seeking damages, the appointment of a receiver for Wyndchase, and a preliminary injunction to prevent Howe and Sancap from taking action on behalf of Wyndchase. [*Id.* at ¶¶ 25, 61.] Because Wyndchase's funds are the subject matter of this action, Plaintiff has asked the court to appoint a receiver "to collect and receive all money now due or to become due [to] Wyndchase, to pay all debts of Wyndchase now due or to become due, and to distribute the remaining money, if any, to Wyndchase at the conclusion of this lawsuit." [*Id.* at ¶ 57.] As will be explained, Wyndchase's property is at stake here and, therefore, Wyndchase is a proper party with a substantial interest.

3

## II.    THE COURT MUST REMAND BECAUSE REMOVAL WAS IMPROPER AND THERE IS NO DIVERSITY JURISDICTION

"[T]here is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Tres Lotes LLC v. BNSF Ry. Co.*, No. 14-CV-566-MV-WPL, 2014 WL 6621574, at *2 (D.N.M. Nov. 21, 2014). Indeed, the removal statutes are to be narrowly construed in light of the federal court's role as limited tribunals. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Defendant Howe and Sancap have the burden to show both that they have complied with the strict procedural requirements for removal and that the federal court has subject matter jurisdiction in this case. *See, e.g.*, *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

### A.    Wyndchase's Consent to Removal is Contested.

"[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). On February 17, 2015 – two days prior to Defendants' removal – Plaintiff Kaiser filed three summons returns for Wyndchase. *See* Summons Returns for Wyndchase attached hereto as part of **Exhibit D.** Defendants Howe and Sancap did not attach these summons returns to their notice of removal. Regardless, the returns show that Wyndchase was served with process in the same methodology as service of process was effectuated upon Howe and Sancap: by posting the summons and complaint at two residences in Las Cruces, New Mexico that are owned by Defendant Howe's wife, by mailing the summons and complaint to Defendant Howe's mailing address in Florida, and by delivering the summons and complaint to Defendants Howe and Sancap's lawyer. *See id.*

4

Howe claims to be Wyndchase's sole manager. [*See* Doc. 1 at 3, ¶ 5 and Doc. 8.] Although who has control of Wyndchase is hotly disputed,[1] for Howe to claim that Wyndchase was not served while he simultaneously claims to consent to removal on Wyndchase's behalf is disingenuous at best. Wyndchase is certainly aware of this lawsuit and was served with a summons and complaint. The question is whether Howe's lone consent to removal on Wyndchase's behalf was effective.

The crux of this litigation is who has control over Wyndchase. Its operating agreement provides that both Mr. Dynek and Mr. Howe are managers. [*See* Doc. 1-1 at ¶ 11.] Both managers – Dynek and Howe – believe that they can act on behalf of Wyndchase, and Wyndchase's purported consent to removal draws that conflict into sharp focus. On the one hand, Howe claims that Wyndchase has consented to removal. On the other hand, Dynek ***does not*** consent to removal on behalf of Wyndchase. *See* Affidavit of Harlo Dynek, attached hereto as **Exhibit E**, at ¶¶ 2-4. As a result, Defendant Howe's purported consent to removal on behalf of Wyndchase is, at best, questionable and should be disregarded for purposes of the rule of unanimity. *See, e.g., Christiansen v. W. Branch Comm. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (emphasizing that "non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely **and unequivocal** consent to such course of conduct" (emphasis added)); *Nathe v. Pottenberg*, 931 F.Supp. 822, 825 n.5 (M.D. Fla. 1995) ("[T]o preserve the integrity of the district court proceedings, each defendant must state directly to the court its **unequivocal** and timely consent to removal." (emphasis added)).

---

[1] Although not necessary to conclude that a remand is appropriate here, it must be noted that Plaintiff Kaiser, as well as Mr. Dynek, vigorously dispute that Howe is the sole manager of Wyndchase. As will be explained in Kaiser's reply to Howe's and Sancap's counterclaims, Mr. Dynek remains a manager of Wyndchase.

5

Here, the very issue of who controls and has the right to speak for Wyndchase is the crux of the parties' dispute.  Defendant Howe's singular consent to removal on behalf of Wyndchase – over the objection of the other manager, Harlo Dynek, who has just as much control over Wyndchase as Howe does – is questionable and should be disregarded.  As a result, the removal was improper and remand is required.  *See, e.g.*, 28 U.S.C, § 1446(b)(2)(A) (providing that all defendants who have been properly joined and served must consent to removal); *Aguayo v. AMCO Ins. Co.*, No. CIV 14-0400 JB/KBM, 2014 WL 5859098, at *20 (D.N.M. Oct. 31, 2014) ("A removal which does not comply with the express statutory requirements is defective and **must** be remanded to state court." (emphasis added)).

### B.    There Is No Basis for Diversity Jurisdiction; Wyndchase Was Not Fraudulently Joined

Although Defendants Howe and Sancap appear to rely on an incorrect standard for determining the citizenship of the LLCs that have been named as parties,[2] they nonetheless correctly admit that Defendant Wyndchase is a citizen of the same state as Plaintiff Kaiser – New Mexico – thereby destroying this Court's diversity jurisdiction.  [*See* Doc 1 at ¶ 7.]  Defendants Howe and Sancap instead argue that Wyndchase was fraudulently joined as a "sham defendant for the sole purpose to defeat diversity jurisdiction."  [*Id.* at ¶ 6.]  They are mistaken on the law and the facts.

As a starting matter, the party asserting fraudulent joinder bears a heavy burden of proof. *Montano v. Allstate Indem.*, 211 F.3d 1278 at *1, No. 99-2225, (April 14, 2000, 10th Cir. 2000) (unpublished); *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with

---

[2] *See, e.g.*, *THO of N.M. at Hobbs Ctr. v. Patton*, 851 F. Supp. 2d 1281, 1285 (D.N.M. 2011) (providing that LLCs are citizens of every state where their members reside); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (contrasting citizenship of corporations to citizenships of LLCs for diversity jurisdiction purposes and concluding that "an LLC is a citizen of every state of which its owners/members are citizens").

particularity and prove the claim with certainty." *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d

1196, 1227 (D.N.M. 2013); *see also Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F.Supp.2d 1117,

1122-23 (D.N.M. 2009) (Browning, J.).

In claiming fraudulent joinder, a defendant must prove that "there is no possibility of

recovery by the plaintiff against an in-state defendant." *Satterlee v. Albertsons, LLC*, No. CIV

12-0019 JB/KBM, 2013 WL 502542, at *4 (D.N.M. Jan. 31, 2013) (quoting *Zufelt*, 727

F.Supp.2d at 1124); *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1231 (D.N.M. 2013)

("[T]he Court will use the following standard for fraudulent joinder: whether the defendant has

demonstrated that there is no possibility that the plaintiff will recover against an in-state

defendant."). In other words, a defendant is fraudulently joined when "there is no reasonable

basis for the district court to predict that the plaintiff might be able to recover against an in-state

defendant." *Zufelt*, 727 F.Supp.2d at 1124 (internal citations omitted); *see also*, *Ullman v.

Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1231 (D.N.M. 2013).

Finally, in analyzing a claim of fraudulent joinder, the court must "resolve all disputed

questions of fact and all ambiguities in the controlling law in favor of the non-removing party."

*Montano*, 211 F.3d 1278, at *1 (10th Cir. 2000). Because fraudulent joinder is a question of

jurisdiction, the district court is not limited to the complaint but should "pierce the pleadings,

consider the entire record, and determine the basis of joinder by any means available." *Aguayo v.

AMCO Ins. Co.*, No. CIV 14-0400 JB/KBM, 2014 WL 5859098, at *21 (D.N.M. Oct. 31, 2014);

*Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Here, Plaintiff's Complaint alleges that Defendant Howe – in his role as manager of

Wyndchase – breached Wyndchase's operating agreement by, among other things, refusing to

pay Wyndchase's debts and making improper distributions to its members.  But Kaiser not only

7

seeks damages from Howe and Sancap, **it also has affirmative claims against Wyndchase itself**.

Kaiser seeks the appointment of a receiver for Wyndchase's property in order to protect that property for its members.  Howe, Sancap **and Wyndchase**, however, will not consent to a receiver.  *See, e.g.* Doc. 3 at 6, ¶ 28 (Howe's, Sancap's and Wyndchase's answer to Plaintiff's complaint, objecting to the appointment of a receiver).  As a result of the apparently insurmountable conflict between the members of Wyndchase, Plaintiff Kaiser is left with no choice except to name Wyndchase as a defendant in order to have a receiver appointed and to protect the assets of the LLC for its members.

In this way, it is Defendants Howe and Sancap that have made Wyndchase a proper party here because of their refusal to appoint a receiver for Wyndchase.  Instead, Howe and Sancap have apparently retained a common lawyer with Wyndchase, and Howe has directed that lawyer to assert Wyndchase's objection to Kaiser's request for a receivership.  The dispute between Wyndchase's members is obvious and pervades the pleadings.  As a result of Howe's refusal to appoint a receiver, Kaiser is justified in naming Wyndchase as a defendant in order to wrestle control of it from Howe and Howe's lawyer, at least for the duration of this litigation.  *Cf. Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535, 541-42 (N.D. Ind. 2000) (holding, in a dispute between two members of an LLC where one member was allegedly obstructing the performance of contracts to the detriment of the other, that the LLC was an indispensable party because "the members are in conflict, a conflict that would necessarily seem to implicate the rights and/or duties of the LLC").

Wyndchase is a proper party here because it is a separate legal entity and has its own interest in its property and in satisfying its obligations – to its members and otherwise.  "[T]he

8

'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Conagra Foods, Inc. v. Americold Logistics, LLC*, ___ F.3d ___, No. 13-3277, 2015 WL 328116 (10th Cir. Jan. 27, 2015) (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).  Given that Howe and Howe's lawyer have directed Wyndchase to side with Defendants Howe and Sancap in this lawsuit and object to the appointment of a receiver, Wyndchase is a substantial party to these controversies.

Kaiser has a valid claim for appointment of a receiver for Wyndchase, a claim which arises directly from Howe's purported singular control over Wyndchase.  Howe, Sancap, and Wyndchase all share a lawyer who has apparently been directed to contest the appointment of a receiver.  Given Wyndchase's objection to the appointment of a receiver, it is a proper party and there has been no fraudulent joinder.  Joinder of Wyndchase is entirely appropriate, and there is no diversity jurisdiction in this Court.

## CONCLUSION

Defendants have not met their burden to either show that they have complied with the strict procedural requirements for removal or that this Court has diversity jurisdiction. Wyndchase's consent was questionable at best and should be ignored for purposes of the removal statutes, resulting in a remand to State Court.  In any case, Wyndchase was properly joined in order to establish a receivership and place control of its assets with a neutral party.  For both of these reasons, Kaiser's motion to remand should be granted.  The Court should also award Kaiser its reasonable attorneys' fees to have this case remanded to State Court.

9

Respectfully submitted,

SHEEHAN & SHEEHAN, P.A.
*Attorneys for Plaintiff*
40 First Plaza, N. W., Suite 740 (87102)
Post Office Box 271
Albuquerque, New Mexico  87103
(505) 247-0411

BY:     */s/Joshua A. Allison*
       JOSHUA A. ALLISON
       jaa@sheehansheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the  5th  day of March, 2015, I filed the foregoing *Plaintiff's Motion to Remand and for Attorneys' Fees* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kyle H. Moberly, Esq.                 James M. Feuille, Esq.
kyle@mobelaw.com                 jfeu@scotthulse.com


                                       */s/Joshua A. Allison*
                                       JOSHUA A. ALLISON

S:\15041\PLDG\PLDG FINAL\20150305 MTN remand.docx

10

## **APPENDIX E**

District Court Docket Entry 13: Defendants-Appellants' Response in Opposition to Motion to Remand

IN THE UNITED STATES DISTRICT COURT
FOR THE NEW MEXICO DISTRICT
LAS CRUCES DIVISION

| | |
|---|---|
| **KAISER, LTD. LLC, a New Mexico** <br> **Limited Liability Company** <br><br> Plaintiff, <br><br> vs. <br><br> **GARY HOWE, SANCAP LTD, an Ohio** <br> **Limited Liability Company, and** <br> **WYNDCHASE APARTMENTS LTD LLC,** <br> **a New Mexico Limited Liability Co.** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **CASE NO. 2:15-cv-139 WPL/SMV** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES

Come now DEFENDANTS/COUNTER-PLAINTIFFS GARY HOWE ("Howe"), and

SANCAP LTD. ("Sancap"), (together as "Defendants"), by and through their attorney, and file

this Response to Plaintiff's Motion to Remand and for Attorneys' Fees, and would show the

Court as follows:

      1.      On February 19, 2015, Defendants filed their Notice of Removal, removing this

case to federal court. (Docket No. 1.) The Notice of Removal contained Defendants' explanation

as to why this Court has subject matter jurisdiction over this case, despite the fact that, on the

face of the Complaint, there is no diversity jurisdiction.  Defendants herein incorporate by

reference the factual allegations and legal argument and reasoning found in the Notice of

Removal.  Additionally, the Notice of Removal, without exhibits, is attached as <u>Exhibit A</u> to this

Response for the Court's convenience.

1046272.1

1

2.      On March 5, 2015, Plaintiff filed its Motion to Remand and for Attorneys' Fees (hereinafter referred to as the "Motion" or "Plaintiff's Motion").

3.      In support of Plaintiff's argument that this case should be remanded, the Motion posits two arguments: (1) that the consent to remove by Wyndchase Apartments, LTD LLC ("Wyndchase") was procedurally improper and should be disregarded; and (2) that Wyndchase has not been fraudulently joined.  Plaintiff's arguments do not support remand and should be denied.

4.      First, Defendants feel compelled to deny specific allegations found in Plaintiff's Motion:

     a. Defendants have not "exploit[ed] and manipulate[d] the Court's procedures" in any way.  (Plaintiff's Motion, p. 2.)  Defendants simply filed their Notice of Removal as permitted under the Federal Rules of Civil Procedure.

     b. Defendants did not evade service of process. (*Id.*)  Plaintiff is well aware of the fact that Howe resides in Florida, yet made no efforts to serve him in Florida.  Plaintiff asked Defendants' counsel if he was permitted to accept service, Defendants' counsel said he could not, and Plaintiff immediately filed a Motion for Substitute Service. Plaintiff never attempted service in a manner which Howe or Sancap could even try to evade.

     c. Defendants are not failing to pay the debts of Wyndchase. (*Id.* at p. 3.)  Wyndchase has been paying all its expenses and debts which have been duly presented to Wyndchase for payment.

5.      Because Wyndchase has been improperly joined as a sham defendant and because Kaiser has no possibility of recovering from Wyndchase in this action, whether Wyndchase's

1046272.1

2

consent is effective or ineffective is irrelevant. "[A]ll defendants who have been **properly joined** and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Therefore, it must first be determined whether Kaiser has improperly joined Wyndchase as a defendant before Wyndchase's consent is questioned.

6.      As acknowledged in Defendants' Notice of Removal, Wyndchase is a citizen of the same state as Plaintiff. However, the citizenship of Wyndchase should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that the Plaintiff will be able to establish liability against said party in that Defendant Wyndchase is an unnecessary and not indispensable party for the resolution of the dispute between the remaining Defendants, that the members of this Defendant are in actuality Kaiser and Sancap who are the Plaintiff and Defendant, respectively, herein and are the real parties in interest in regard to this litigation. *See Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1122-23 (D.N.M. 2009) (holding that a defendant is fraudulently joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."). Because Kaiser has no reasonable basis to recover against Wyndchase, Defendant Wyndchase was improperly joined herein merely as a sham defendant for the sole purpose to defeat diversity jurisdiction.

7.      The United States Supreme Court has held that a court may retain jurisdiction over a suit where complete diversity is lacking if it dismisses the non-diverse parties from the suit under Fed. R. Civ. P. 21 and if the parties to be dismissed are not indispensable to the lawsuit under Fed. R. Civ. P. 19. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after

1046272.1

3

judgment has been rendered"). Such is the case here. Wyndchase is a dispensable non-diverse party, which should be dismissed from the lawsuit under Rule 21.

8.    Kaiser claims that its Complaint supports affirmative claims against Wyndchase, supports the possibility of recovery against Wyndchase, and, thus, supports the necessity of Wyndchase as a party. That is not the case. A review of Plaintiff's Complaint makes that clear. (*See* Exhibit B, Plaintiff's Original Complaint, without exhibits).

9.    Plaintiff's first cause of action alleges a breach of contract by Defendants **Howe** and **Sancap** only.  (Ex. B, p. 5-6.) Plaintiff does not allege a breach of contract by Wyndchase, nor does Plaintiff assert any avenue of recovery from Wyndchase.

10.    Plaintiff's second cause of action alleges a breach of covenant of good faith and fair dealing by Defendants **Howe** and **Sancap** only. (Ex. B, p. 7-8.) Plaintiff does not assert any avenue of recovery from Wyndchase.

11.    Plaintiff's third cause of action alleges a breach of fiduciary duties by Defendant **Howe** only. (Ex. B, p. 8-9.) Plaintiff does not assert any avenue of recovery from Wyndchase.

12.    Plaintiff's fourth cause of action alleges a civil conspiracy by Defendants **Howe** and **Sancap** only.  (Ex. B, p. 9-10.) Plaintiff does not assert any avenue of recovery from Wyndchase.

13.    Plaintiff's fifth cause of action requests a declaratory judgment as to the balance of Plaintiff and Defendant Sancap's capital accounts in Wyndchase.  (Ex. B, p. 10-11.) Plaintiff does not request any recovery from Wyndchase.

14.    Plaintiff's sixth cause of action requests that the Court order Defendant **Howe** provide a full accounting of Wyndchase's assets to Plaintiff. (Ex. B, p. 11.) Plaintiff does not request any recovery from Wyndchase.

1046272.1

4

15.    Plaintiff's seventh cause of action requests that the Court appoint a receiver for Wyndchase.  (Ex. B, p. 12-13.)   It is this request that Plaintiff now claims is sufficient to include Wyndchase as anything more than a nominal defendant.  Plaintiff is mistaken.

16.    Plaintiff's Motion relies on a single allegation to claim that Wyndchase is necessary to this suit.  Plaintiff alleges that Wyndchase—through Howe, Sancap, and their attorney's Answer to Plaintiff's Original Complaint—will not consent to a receiver, which evidences that Plaintiff has a claim against Wyndchase:

> In this way, it is Defendants Howe and Sancap that have made Wyndchase a proper party because of their refusal to appoint a receiver for Wyndchase. Instead, Howe and Sancap have apparently retained a common lawyer with Wyndchase, and Howe has directed that lawyer to assert Wyndchase's objection to Kaiser's request for a receivership.  The dispute between Wyndchase's members is obvious and pervade (sic) the pleadings.  **As a result of Howe's refusal to appoint a receiver**, Kaiser is justified in naming Wyndchase as a defendant in order to wrestle control of it from Howe and Howe's lawyer, at least for the duration of this litigation.

(Plaintiff's Motion, p. 8 (emphasis added)).   Plaintiff's argument is disingenuous and self-contradictory to earlier portions of the Motion.  At the time of filing its Complaint, Plaintiff had no knowledge of whether Howe and Sancap would refuse to appoint a receiver.  Therefore, Plaintiff had no claims against Wyndchase as of the filing of its Complaint, because "Howe's refusal to appoint a receiver" had not occurred.

17.    Moreover, Plaintiff's argument is disingenuous because at the time of Plaintiff's filing of the Motion to Remand, Plaintiff was well aware that Plaintiff and its principals—Harlo and Andrea Dynek—had already "wrestle[d] control" of Wyndchase through their illegal and improper *coup d'état* of the Wyndchase Apartments office.   If Plaintiff's argument—the argument that states that by seeking to appoint a receiver Plaintiff has an affirmative claim

1046272.1

5

against Wyndchase—is valid (which Defendants do not admit), then Plaintiff's own actions have obviated the need for Wyndchase to be named as a defendant.

18.    Plaintiff's argument is additionally self-contradictory because earlier in Plaintiff's Motion, Plaintiff claims that Howe's consent on behalf of Wyndchase is ineffective because Howe does not have authority to consent on Wyndchase's behalf.  (Plaintiff's Motion, p. 5-6.) If, for purposes of argument only, Howe is unable to consent on Wyndchase's behalf, then Howe is also unable to object to a receiver on Wyndchase's behalf. Any objection by Howe should be disregarded for purposes of Plaintiff's argument that the objection justifies Plaintiff's naming of Wyndchase as a defendant.   Plaintiff cannot have it both ways.   Either Howe effectively consented on behalf of Wyndchase and also effectively objected to a receiver on behalf of Wyndchase, or Howe's consent and objection to a receiver should be disregarded.   Plaintiff cannot use Howe's objection to the appointment of a receiver on Wyndchase's behalf as evidence on the one hand, while disregarding Howe's other actions on behalf of Wyndchase on the other.

19.    Defendants do agree with Plaintiff on one thing: "[T]he very issue of who controls and has the right to speak for Wyndchase is the crux of the parties' dispute." (Plaintiff's Motion, p. 6.)  But that dispute is between the "members" of Wyndchase and not between Plaintiff and Wyndchase.

20.    A dispute between members does not require the inclusion of Wyndchase as a defendant because Wyndchase's presence as a defendant is unnecessary and Wyndchase is dispensable. *See R & R Capital, LLC v. Merritt,* 2007 U.S. Dist. LEXIS 78754, *24-29 (E.D. Pa. Oct. 23, 2007) (applying the Third Circuit's reasoning to limited liability companies found in *HB Gen. Corp. v. Manchester Partners L.P.*, 95 F.3d 1185 (3d Cir. 1996) (holding that a limited

partnership was not an indispensable party in a suit among the partners, because, *inter alia*, the limited partnership could be prevented from later bringing an identical claim: "The partnership, like a marionette, cannot make a move unless some human beings pulls the strings. And all the people who, under the partnership agreement, have the power to cause the partnership to bring suit . . . are before the court."))*; see also Meyer Natural Foods, LLC v. Freeman*, 2013 U.S. Dist. LEXIS 140497 (W.D. Okla. Sept. 30, 2013) ("[T]he Court is persuaded by the analysis of federal courts in other cases involving all partners of a limited partnership or all members of an LLC as parties, that the absent partnership or LLC is not indispensable.").

21.    In *Merritt*, the Plaintiff, R & R Capital filed suit against its business partner, Linda Merritt, and several entities. *Merritt*, 2007 U.S. Dist. LEXIS 78754 at *1.  One of these entities was Grays Ferry Properties, LLC, an entity in which R & R had a forty percent (40%) ownership interest. *Id.* at *12.  The Court determined that the inclusion of Grays Ferry Properties would destroy the alleged diversity jurisdiction—recognizing that the citizenship of a limited liability company is to be determined by looking at the citizenship of its members. *Id.* at *12-13. The Court applied the reasoning of *HB Gen. Corp. v. Manchester Partners, L.P.,* stating that "[a]ll of the members of Grays Ferry Properties are already present in the suit and can protect the limited liability company's interest." *Id.* at *27.  Similar to this case, the court recognized that "[i]f, as the plaintiff contends, properties were wrongfully transferred from Grays Ferry Properties by Lyn Merrit"—just as Plaintiff claims Howe and Sancap have wrongfully transferred certain monies from Wyndchase—"then Grays Ferry Properties's interest in having those properties returned will be adequately represented by the plaintiff." *Id.* The court continued: "If, as the defendants contend, the properties were transferred to satisfy a debt owed by Grays Ferry Properties"—just as Howe and Sancap contend that any monies transferred to

Sancap from Wyndchase were owed under the Equity Reimbursement Agreement—"then Grays Ferry Properties's interest in having those transactions affirmed will be represented by the defendants." *Id.* Ultimately, the court determined that the Plaintiff was permitted to drop Grays Ferry Properties as a defendant in order to preserve complete diversity. *Id.* at *28-29.

22.     This Court is invested with authority under Rule 21 of the Federal Rules of Civil Procedure to drop Wyndchase as an improperly joined party, in order to preserve diversity jurisdiction, just as the court in *Merritt. Newman-Green, Inc.*, 490 U.S. at 832.

23.     Plaintiff cites *Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535, 541-42 (N.D. Ind. 2000), to support its claim that Wyndchase is a necessary party. (Plaintiff's Motion, p. 8.) *Trademark Retail* is distinguishable and should be disregarded in favor of the court's reasoning in *Merritt.* In *Trademark Retail*, the plaintiff's complaint contained allegations against the defendants that would harm the LLC itself. *Apple Glen*, 196 F.R.D. at 540. In fact, the court stated that "even a cursory reading of the complaint demonstrates that the interests of LLC as opposed to those of its members are significantly impacted by the plaintiff's allegations." *Id.* at 542. As laid out above and in the Notice of Removal, the Plaintiff's Complaint does not allege any harm (potential or realized) against Wyndchase.

24.     Plaintiff's Complaint alleges harm against Kaiser, Harlo Dynek Development, LLC, Harlo Dynek and "other entities owned or controlled by Dynek. But it does not seek to protect Wyndchase's interests.

25.     At its heart, this case is a breach of contract issue between Kaiser and Sancap. Plaintiff's Motion states that Plaintiff's claim against Wyndchase "arises directly from Howe's purported singular control over Wyndchase"—control which Kaiser objects to. (Plaintiff's Motion, p. 9.) The question of who is in control is the foremost and overriding issue in this case.

1046272.1

8

If Sancap and Howe are in control, then the actions allegedly taken by Howe and Sancap were permitted under the operating agreement and Plaintiff's claims will have no merit. If Sancap and Howe are not in control, then Plaintiff may have legitimate claims against Sancap and Howe for those alleged bad actions. But the question of control does not involve Wyndchase in any manner.[1] Wyndchase will not suffer harm nor stand to gain from the decision of whether Kaiser or Sancap is the entity in control of Wyndchase. Wyndchase is merely a marionette, with no preference as to who this Court determines is the rightful puppeteer.

26.    Plaintiff's "receiver" claim is the only claim that Plaintiff has alleged and can even attempt to allege in an effort to support the argument that Wyndchase is a real and substantial party to these controversies. Plaintiff has not and cannot allege any other avenues of recovery against Wyndchase directly, thus showing that Wyndchase was at least a nominal party, and at most fraudulently joined.

27.    Defendants request that this matter be set for oral argument.

**FOR THESE REASONS,** Defendants pray that this Court enter an order denying Plaintiff's Motion to Remand, denying Plaintiff's request for attoneys' fees, granting Defendants reasonable and necessary attorneys' fees in defending this removal, and granting all other relief to which they may be justly entitled.

Dated March 19th, 2015.

---

[1] If Plaintiff is willing to admit that Sancap and Howe hold the majority and controlling interest in Wyndchase, then perhaps Plaintiff would have legitimate claims against Wyndchase. But Defendants doubt that Plaintiff is willing to admit such control.

1046272.1

9

Respectfully submitted,

**SCOTTHULSE** PC
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:     /s/ James M. Feuille                          
**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Defendants


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 19th day of March, 2015.

| | |
|---|---|
| Kyle H. Moberly | Joshua A. Allison |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 2460 S. Locust Street, Suite E | Sheehan & Sheehan, P.A. |
| Las Cruces, NM 88001 | PO BOX 271 |
| (575) 541-1278 | Albuquerque, NM 87103 |
| kyle@mobelaw.com | (505) 247-0411 |
| | jaa@sheehansheehan.com |


/s/ James M. Feuille                          
**JAMES M. FEUILLE**

1046272.1

10

73

**APPENDIX F**

District Court Docket Entry 14: Plaintiff-Appellee's Reply to Response in Opposition to Motion to Remand

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAISER LTD., LLC, a New Mexico
limited liability company,

         Plaintiff,

vs.                                  No.  2:15-CV-139 WPL-SMV

GARY HOWE, SANCAP, LTD,
an Ohio limited liability company, and
WYNDCHASE APARTMENTS, LTD LLC,
a New Mexico limited liability company,

         Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND AND FOR ATTORNEYS' FEES

Plaintiff, Kaiser LTD., LLC ("Kaiser" or "Plaintiff"), hereby provides its reply in support of its Motion to Remand [Docs. 5 through 5-7].  The Court should reject the arguments offered in opposition to Plaintiff's Motion to Remand for two reasons:

1.    First, Plaintiff's claims against Wyndchase Apartments, LTD LLC ("Wyndchase") are proper under state law.  Defendants Gary Howe ("Howe") and Sancap, LTD ("Sancap") (together, "Defendants") attempt to dismiss those claims as being made against a dispensable party.  In so doing, Defendants rely on the wrong standard for determining this Court's jurisdiction in removed actions, and their argument should be rejected.

2.    Second, because Wyndchase is a proper defendant under applicable state law, its consent to removal was required in accordance with the strict statutory prerequisites for removal.

74

At a minimum, Wyndchase's consent to removal is questioned, and as a result, Defendants have not satisfied those statutory requirements. Remand is therefore required.

I.     **PLAINTIFF'S CLAIMS AGAINST WYNDCHASE ARE PROPER UNDER STATE LAW, AND DEFENDANTS RELY ON THE WRONG STANDARD TO ATTEMPT TO DISMISS THEM**

Defendants admit that there is not diversity of citizenship in this matter. *See* Doc. 13, Defendants' Response, at 3 (admitting that "Wyndchase [Apartments, LTD LLC] is a citizen of the same state as Plaintiff"). As a result, Defendants bear the heavy burden of rebutting the presumption that Wyndchase was improperly joined. *See, e.g., Aguayo v. AMCO Ins. Co.,* No. CIV 14-0400 JB/KBM, 2014 WL 5859098, at *19 (D.N.M. Oct. 31, 2014). They have failed to make such a showing.

Nowhere in Defendants' response do they dispute that Wyndchase is a **proper** party for purposes of Plaintiff's request to appoint a receiver. Instead, they argue that Wyndchase is not a **necessary** party with respect to the claims between Plaintiff and Defendants. *See, e.g.,* Doc. 13 at 6, ¶ 20 (arguing that "Wyndchase's presence [in this lawsuit] is unnecessary and Wyndchase is dispensable"). In effect, Defendants seek to dismiss Plaintiff's claims against Wyndchase in order to establish diversity jurisdiction in this Court. In so doing, Defendants rely on the wrong standard to determine this Court's jurisdiction in removed actions.

The question before the Court is whether Wyndchase was joined fraudulently (*i.e.,* whether the claims against Wyndchase are without merit). The question is **not** whether Wyndchase is an indispensable party.[1] The correct standard to resolve Defendants' assertion of fraudulent joinder is whether they have shown the absence of **any possibility** that Plaintiff has

---

[1] To be sure, Wyndchase is an indispensable party with respect to the protection of its property, but that is not the issue. Whether the lawsuit may proceed without Wyndchase is a red herring.

2

stated a valid claim against Wyndchase. *See, e.g., Aguayo*, 2014 WL 5859098, at *23 ("To establish fraudulent joinder, a party must demonstrate . . . the absence of **any possibility** that the opposing party has stated a claim under state law." (emphasis added)). Defendants bear the burden of showing this impossibility "with complete certainty upon undisputed evidence." *Id.* at *22 (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "All doubts are to be resolved against removal." *Id.* at *20 (quoting *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

Here, Plaintiff has joined Wyndchase in this lawsuit in order to seek the appointment of a receiver for Wyndchase's property. Naming Wyndchase as a defendant in this action is expressly allowed by New Mexico's Receivership Act. *See* NMSA 1978, § 44-8-5(A) (1996) ("An applicant may apply to the district court for the appointment of a receiver by motion in an action already pending **or by separate petition or complaint**" (emphasis added)). Under New Mexico law, then, requests for the appointment of a receiver are not limited to ancillary motions in pending actions. Rather, as here, those requests can be stated as independent causes. Any claim that Wyndchase is a "nominal" party fails as a matter of state law.

The availability under state law of an independent receivership action against Wyndchase defeats Defendants' claim of fraudulent joinder. New Mexico's Receivership Act does not limit the parties against whom an independent receivership complaint may be brought. Under that act, Plaintiff is required to name Wyndchase as a defendant because Wyndchase owns the property that will be placed in the receivership estate. Thus, Plaintiff has stated a valid claim against Wyndchase. This Court lacks diversity jurisdiction as a result, and Plaintiff's motion to remand should be granted.

3

Defendants' reliance on *R & R Capital, LLC v. Merritt*, and cases like it, is misplaced for similar reasons: *Merritt* is not a removal case. *See Merritt*, No. CIV 07-2869, 2007 WL 3102961, at *1 (E.D.Pa. Oct. 23, 2007) (noting that the plaintiff filed suit in federal court seeking a temporary restraining order preventing the sale of certain LLC properties). In fact, the plaintiff in *Merritt* filed its lawsuit in federal court and, apparently mistakenly, named a non-diverse defendant. *Id.* at *4. The Court drew the parties' attention to the possible jurisdictional defect concerning the non-diverse defendant. *Id.* at *5. And in response, the plaintiff attempted to cure that defect by filing an amended complaint that dropped the non-diverse defendant. *Id.*

Thus, the question before that court was whether it could **retain jurisdiction at the plaintiff's request** by dismissing the non-diverse party as being improperly joined and not indispensable under Fed. R. Civ. P. 19 and 21. *Id.* (noting that the courts may allow a dispensable non-diverse party to be dropped at any time). Indeed, the court's entire analysis of the jurisdictional question contemplated whether the non-diverse defendant was an indispensable party. *Id.* at *6-*10. *Merritt* did not address the defendant's burden to establish removal jurisdiction.

In short, nothing in *Merritt* or any other cases discussing the indispensable party standard applies to this Court's analysis of an assertion of fraudulent joinder. As explained above, the indispensable party standard is inapplicable to claims of fraudulent joinder. *Merritt* and cases like it are likewise inapplicable to the Court's analysis here.

## II.    WYNDCHASE'S CONSENT TO REMOVAL IS QUESTIONED

Having shown that Wyndchase is a proper party under state law, the Court should address the sufficiency of Wyndchase's purported consent to removal as an alternative, independent

4

ground supporting remand.  As explained in Plaintiff's Motion to Remand, a defendant's consent to removal must be unequivocal.  *See, e.g.*, *Christiansen v. W. Branch Comm. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (emphasizing that "non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely **and unequivocal** consent to such course of conduct" (emphasis added)).

Although control of Wyndchase is disputed, Plaintiff maintains that Harlo Dynek remains a manager of Wyndchase with at least equal control.  In that role, Mr. Dynek does not consent to removal.  *See* Doc. 5-7, *Affidavit of Harlo Dynek*, at ¶¶ 2, 4.  Thus, Defendants have not met the strict statutory prerequisites for removal, and this matter must be remanded to state court.  *See Aguayo*, 2014 WL 5859098, at *20 ("A removal which does not comply with the express statutory requirements is defective and **must** be remanded to state court." (emphasis added)).

### III.    CONCLUSION

Defendants have not met their burden to overcome the presumption against subject matter jurisdiction in removed cases.  They rely on the wrong standard and have not shown that Plaintiff's claims against Wyndchase are invalid under state law.   Having failed in that regard, they have also failed to show that Defendant Wyndchase consented to removal.  As a result, this Court should remand this action to state court.  The Court should also award Plaintiff its reasonable attorneys' fees associated with its motion to remand.

5

Respectfully submitted,

*Attorneys for Plaintiff*

LAW OFFICE OF KYLE H. MOBERLY, P.C.
2460 S. Locust Street, Suite E
Las Cruces, NM  88001
(575) 541-1278

and

SHEEHAN & SHEEHAN, P.A.
40 First Plaza, N. W., Suite 740 (87102)
Post Office Box 271
Albuquerque, New Mexico  87103
(505) 247-0411


BY:    */s/Joshua A. Allison*
         JOSHUA A. ALLISON
         jaa@sheehansheehan.com


## CERTIFICATE OF SERVICE

    I hereby certify that on the  23rd  day of March, 2015, I filed the foregoing *Plaintiff's Reply in Support of its Motion to Remand and for Attorneys' Fees* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kyle H. Moberly, Esq.         James M. Feuille, Esq.
kyle@mobelaw.com         jfeu@scotthulse.com


         */s/Joshua A. Allison*
         JOSHUA A. ALLISON

**APPENDIX G**

District Court Docket Entry 16: Memorandum Opinion and Order Granting Motion to Remand to State Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KAISER LTD., LLC, a New Mexico limited
liability company,

       Plaintiff,

v.                                              CV 15-139 WPL/SMV

GARY HOWE, SANCAP, LTD., an
Ohio limited liability company, and
WYNDCHASE APARTMENTS, LTD. LLC,
a New Mexico limited liability company,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before me on Kaiser Ltd., LLC's ("Kaiser") Motion to Remand and for Attorneys' Fees. (Doc. 5.) Defendants responded (Doc. 13), and Kaiser filed a reply (Doc. 14). Upon consideration of the briefing, the record, and the relevant law, I remand this case to the Third Judicial District Court of the State of New Mexico for the reasons set forth below. I do not award attorneys' fees and costs because the parties have failed to brief this issue.

### FACTUAL AND PROCEDURAL BACKGROUND

Kaiser filed this case in state court on January 15, 2015, asserting breach of contract, breach of fiduciary duties, and civil conspiracy and requesting a declaratory judgment, an accounting, the appointment of a receiver, and a preliminary injunction. (Doc. 1 Ex. 1.) Kaiser is a New Mexico limited liability company. Defendants include Gary Howe, Sancap Ltd. ("Sancap"), and Wyndchase Apartments, Ltd., LLC ("Wyndchase"). All Defendants are represented by the same attorney. Howe is a citizen of the state of Florida and the managing

member of Sancap. Sancap is an Ohio limited liability company, and Wyndchase is a New Mexico limited liability company.

On or about February 24, 2012, Sancap and an individual named Harlo Dynek formed Wyndchase and signed an operating agreement for the purpose of owning apartments to be constructed on land in Las Cruces, New Mexico. Sancap and Dynek were the original members of Wyndchase, but Kaiser, one of Dynek's companies, acquired all of Dynek's membership interest in Wyndchase on April 12, 2013. Both Howe and Dynek originally had signature authority over Wyndchase's operating account at Wells Fargo Bank. However, on or about May 2014, Howe changed the agreement between Wyndchase and Wells Fargo such that Dynek no longer had signature authority over the account. Howe began managing the operations of the apartments when they were completed in summer 2014.

Kaiser alleges that Howe opened a tax account with Wells Fargo and deposited a significant amount of Wyndchase's funds into that account. Kaiser asserts that Howe has refused to provide an accounting of the funds in the tax account. Kaiser also contends that Howe has failed to pay debts owed to Washington Federal and Summit Building and Development in connection with the purchase of the land and construction of the apartments. Kaiser alleges that it has been paying the debts to keep Wyndchase from defaulting on the loans. At the same time, Wyndchase, through Howe, continues to make distributions to its members. Kaiser's claims include breach of contract by Howe and Sancap, breach of the covenant of good faith and fair dealing by Howe and Sancap, breach of fiduciary duties by Howe, and civil conspiracy by Howe and Sancap. Kaiser also asks the Court for a declaratory judgment as to Wyndchase's capital accounts such that Kaiser is recognized as having an increased capital interest in Wyndchase due to its payment of certain Wyndchase debts; a full accounting of Wyndchase's revenues and

2

assets, including the tax account; the appointment of a receiver for Wyndchase; and a preliminary injunction that would enjoin Sancap and Howe from taking any action on behalf of Wyndchase or interfering with the performance of the receiver's duties. On a broader level, this case is about who has control over Wyndchase.

On January 27, 2015, Kaiser applied to the state court for a temporary restraining order. (Doc. 1 Ex. 2 at 2-6.) The state court granted the application for a temporary restraining order on January 28, 2015, ordering Defendants not to disburse any Wyndchase funds for any purpose other than paying ordinary and necessary operating expenses or interest and specifically not to disburse any funds to Sancap, Howe, Howe's wife, or any of their relatives or entities owned or controlled by them. (Doc. 1 Ex. 4.) On February 9, 2015, the state court extended the temporary restraining order until 1:15 p.m. on February 19, 2015. (Doc. 1. Ex. 5.)

Defendants removed this case to federal court on February 19, 2015, on the basis of diversity jurisdiction. (Doc. 1.) Defendants asserted that Wyndchase is a mere nominal party that was fraudulently joined to defeat diversity jurisdiction. (*Id.* at 4.) They also stated that Plaintiff alleged direct claims against Howe and Sancap and that there are no derivative claims alleged on behalf of Wyndchase. (*Id.*) Kaiser then filed the present motion to remand on March 5, 2015. (Doc. 5.)

## LEGAL STANDARDS

Removal of civil actions based on diversity jurisdiction is governed by 28 U.S.C. §§ 1332, 1441, and 1446. Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between

3

plaintiffs and defendants. *See also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Those parties that are considered in determining the existence of diversity jurisdiction are those that are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Courts must disregard merely nominal parties. *Id.* at 461.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the district court's] role as [a] limited tribunal[]." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Fraudulent joinder exists when a plaintiff joins a nondiverse party "fraudulently to defeat federal jurisdiction." *McDaniel v. Loya*, --- F.R.D. ---, 2015 WL 711062, at *8 (D.N.M. Jan. 29, 2015). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (alterations in original). When a defendant removes based on the second prong of fraudulent joinder, the court must determine "whether the defendant has demonstrated that there is no possibility that the plaintiff will recover against an in-state defendant." *McDaniel*, 2015 WL 711062, at *12. The court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x

4

911, 913 (10th Cir. 2006) (unpublished) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

DISCUSSION

Kaiser makes two primary arguments for remand. First, Kaiser asserts—assuming that Wyndchase is a proper party—that the removal was procedurally improper because, while Howe consented to removal on behalf of Wyndchase, Dynek did not. Second, Kaiser contends that Wyndchase is a real and substantial party to the case and was not fraudulently joined.

Because I find that Wyndchase is a proper defendant and therefore no diversity jurisdiction exists, I do not discuss the parties' arguments regarding whether there was proper consent to removal. With respect to the second point, Kaiser argues that it has an affirmative claim against Wyndchase itself—not just claims against Howe and Sancap. Kaiser states that it seeks the appointment of a receiver for Wyndchase's property in order to protect the property for its members. Kaiser contends that, because Sancap and Howe will not consent to a receiver (*see* Doc. 3 at 6), Sancap and Howe have made Wyndchase a proper party. Kaiser asserts that Wyndchase must be named a defendant in order to "wrestle control of it from Howe and Howe's lawyer, at least for the duration of this litigation." (Doc. 5 at 8.) As support, Kaiser cites to *Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535, 541-42 (N.D. Ind. 2000), for the proposition that an LLC is an indispensable party where the two members of the LLC are in conflict and implicate the rights or duties of the LLC.

Defendants respond that there is no possibility that Kaiser will be able to establish liability against Wyndchase because Wyndchase is an unnecessary and not indispensable party with respect to the resolution of the case as to the other Defendants. Defendants cite to Federal

5

Rule of Civil Procedure 21,[1] regarding the misjoinder and nonjoinder of parties, for the notion that a federal court can dismiss non-diverse parties and proceed with the case where the non-diverse parties are not indispensable pursuant to Federal Rule of Civil Procedure 19. Defendants also cite to *R & R Capital, LLC v. Merritt*, No. CIV. A. 07-2869, 2007 WL 3102961, at *2 (E.D. Pa. Oct. 23, 2007) (unpublished), and *Meyer Natural Foods, LLC v. Freeman*, No. CIV-12-1329-D, 2013 WL 5460823, at *2 (W.D. Okla. Sept. 30, 2013) (unpublished), for the proposition that an LLC is not indispensable in a case where all members of the LLC are parties. Defendants contend that *Trademark Retail* is distinguishable from *Merritt* and the present case because the court in *Trademark Retail* found that the complaint included allegations against the defendants that would harm the LLC itself. (Doc. 13 at 8.) Defendants argue that, likewise, Kaiser's complaint does not allege harm against Wyndchase itself, and Wyndchase is "merely a marionette, with no preference as to who this Court determines is the rightful puppeteer." (*Id.* at 9.)

Finally, Defendants assert that Kaiser's argument that its request for the appointment of a receiver is grounds for Wyndchase to be a party is disingenuous because Kaiser did not know at the time of the filing of the complaint that Howe and Sancap would refuse to appoint a receiver. Defendants also argue that the receivership claim is disingenuous because Dynek and his wife had already "wrestle[d] control" of Wyndchase at the time they filed their motion to remand. (Doc. 13 at 5.)

Kaiser counters that Defendants applied the wrong standard in their response—that the question is not whether Wyndchase is a necessary or indispensable party, but rather whether

---

[1] "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

Wyndchase is a proper party with respect to Kaiser's request for the appointment of a receiver. (Doc. 14 at 2.) That is, Kaiser argues, Defendants must show the absence of any possibility that Kaiser has stated a valid claim against Wyndchase. Kaiser cites to the New Mexico Receivership Act for the proposition that Kaiser is expressly allowed to name Wyndchase as a defendant. The Act states, "An applicant may apply to the district court for the appointment of a receiver by motion in an action already pending or by a separate petition or complaint." N.M. STAT. ANN. § 44-8-5(A). As such, Kaiser argues that if an application for appointment of a receiver can constitute its own separate complaint, then such an application can also be part of another lawsuit, with Wyndchase required as a defendant. Kaiser also contends that Defendants' reference to *Merritt* is misplaced because it is not a removal case; rather, *Merritt* concerns the ability of a federal court to drop a non-diverse defendant and retain jurisdiction where the defendant was named by mistake in a case filed in federal court. (Doc. 14 at 6.) In particular, Kaiser notes that *Merritt* does not discuss fraudulent joinder.

Kaiser correctly noted that *Merritt* is not a removal case and does not deal with fraudulent joinder. *See* 2007 WL 3102961. Rather, that court addressed the issue of whether it could retain jurisdiction where the plaintiff included a non-diverse defendant but then filed an amended complaint dropping the non-diverse defendant. *Id.* at *4. The court found that, because the non-diverse LLC was not indispensable, the plaintiff could drop the LLC as a defendant and the court could retain diversity jurisdiction. *Id.* at *9. Likewise, *Meyer Natural Foods* involved a case in which the defendants sought dismissal of the case because plaintiff had purportedly failed to join as a defendant an LLC that was an indispensable party. 2013 WL 5460823, at *2. The court denied dismissal because the defendant failed to show that the LLC was an indispensable party. *Id.* at *3. Again, fraudulent joinder was not an issue in the case.

7

With respect to Defendants' argument against Kaiser's citation to *Trademark Retail*, I note that *Trademark Retail* is not a removal case addressing fraudulent joinder, either. *See* 196 F.R.D. 535. Instead, like in *Meyer Natural Foods*, the court addressed whether to dismiss the complaint because the plaintiff failed to join a necessary and indispensable, non-diverse LLC. *Id.* at 538. Unlike in *Meyer Natural Foods*, the court in *Trademark Retail* found that the non-diverse LLC was necessary and indispensable to the case and therefore dismissed the complaint. *Id.* at 539-40, 542-43. Because *Merritt*, *Meyer Natural Foods*, and *Trademark Retail* did not apply the fraudulent joinder test of whether there was no possibility that the plaintiff could recover against the in-state defendant, these cases are not dispositive as to whether Wyndchase was fraudulently joined.

Instead, I address Kaiser's argument that Wyndchase is a proper defendant because of Kaiser's application for the appointment of a receiver in its complaint. I find that Kaiser's argument is sound. The New Mexico Receivership Act makes it clear that an application for the appointment of a receiver can constitute a discrete cause of action in New Mexico state court. *See* N.M. STAT. ANN. § 44-8-5(A). While I have been unable to find support for Kaiser's assertion that the Act required Kaiser to name Wyndchase as a defendant because Wyndchase owns the property that would be placed in the receivership estate, the Act does not expressly preclude naming Wyndchase as a defendant in a claim for the appointment of a receiver. Furthermore, non-binding, yet persuasive, federal case law suggests that an LLC that a plaintiff seeks to put into receivership is a proper, not merely nominal, party for fraudulent joinder purposes.

In *Masters v. Harkleroad*, the Eleventh Circuit vacated an order by the district court appointing a receiver for non-diverse, defendant LLCs and remanded the case to state court for

8

lack of diversity jurisdiction. 303 F. App'x 859, 860-61 (11th Cir. 2008) (unpublished). The plaintiffs argued that the LLCs were mere nominal parties not affecting diversity jurisdiction. *Id.* at 860. However, the court stated that "we have found no authority, and [plaintiffs] cite none in their letter brief, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party." *Id.* at 861. Similarly, in the District of Hawaii, courts have found no Ninth Circuit or other precedent "holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin management of, is a nominal party." *Skaaning v. Sorensen*, CV. No. 09-00364 DAE-KSC, 2009 WL 3763056, at *7 (D. Haw. Nov. 10, 2009) (unpublished) (citation and quotation omitted). In *Skaaning*, the plaintiffs sought, among other claims, a receiver pending dissolution of non-diverse LLCs and permanent injunctive relief relating to the management of these LLCs. *Id.* at *1. The court dismissed the case for lack of subject-matter jurisdiction, despite the plaintiffs' arguments that the LLCs were only nominal parties, and all substantive claims were against other, diverse defendants. *Id.* at *4, *7. Another court in the District of Hawaii clarified that "the lack of substantive claims against [the non-diverse LLC defendant] does not . . . compel the conclusion that [this defendant] is a nominal defendant." *Gamrex Inc. v. Schultz*, CIV. No. 10-00380 JMS-KSC, 2010 WL 3943910 (D. Haw. Sept. 9, 2010), *report and recommendation adopted*, CIV. No. 10-00380 JMS-KSC, 2010 WL 3941344 (D. Haw. Sept. 28, 2010) (unpublished) (addressing claims for rescission, disgorgement, constructive trust, and injunctions and remanding case to state court).

Construing the factual and legal issues in favor of Kaiser, *Dutcher*, 733 F.3d at 988, Kaiser has demonstrated that it has a possibility of recovering against Wyndchase in state court in terms of the appointment of a receiver under the New Mexico Receivership Act, and as the

entity that owns the property subject to a potential receivership, Wyndchase is not a mere nominal party to this case. Who effectively controlled what parts or all of Wyndchase at the time the motion to remand was filed is a factual matter that I do not assess at this juncture. Nor do I find it relevant to the fraudulent joinder analysis that Kaiser did not know at the time of filing its complaint that Howe and Sancap would refuse to appoint a receiver; instead, I conclude that a cause of action against Wyndchase has existed from the date the complaint was filed through the present date. I therefore find that Wyndchase was not fraudulently joined and is a proper defendant in this case. As such, there is no diversity jurisdiction, and this Court lacks subject-matter jurisdiction. Accordingly, I grant Kaiser's motion and remand this case to the Third Judicial District Court of the State of New Mexico. As previously explained, I deny attorneys' fees and costs.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

10

**<u>APPENDIX H</u>**

District Court Docket Entry 17: Judgment

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAISER LTD., LLC, a New Mexico limited
liability company,

        Plaintiff,

v.                                             CV 15-139 WPL/SMV

GARY HOWE, SANCAP, LTD., an
Ohio limited liability company, and
WYNDCHASE APARTMENTS, LTD. LLC,
a New Mexico limited liability company,

        Defendants.

## JUDGMENT

Pursuant to Federal Rule of Civil Procedure 58 and in accordance with the order entered

on this date, this matter is remanded to the Third Judicial District Court of the State of New

Mexico.

                                            _William P. Lynch_
                                            William P. Lynch
                                            United States Magistrate Judge

**APPENDIX I**

District Court Docket Entry 19: Notice of Appeal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NEW MEXICO DISTRICT**
**LAS CRUCES DIVISION**

| | |
|---|---|
| **KAISER, LTD. LLC, a New Mexico** <br> **Limited Liability Company** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | **CASE NO. 2:15-cv-139 WPL/SMV** |
| ) | |
| **GARY HOWE, SANCAP LTD, an Ohio** ) | |
| **Limited Liability Company, and** ) | |
| **WYNDCHASE APARTMENTS LTD LLC,** ) | |
| **a New Mexico Limited Liability Co.** ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF APPEAL**

Notice is hereby given that GARY HOWE and SANCAP, LTD., DEFENDANTS, in the

above named case hereby appeal to the United States Court of Appeals for the Tenth Circuit the

final Judgment (Document No. 16) and Memorandum Opinion and Order (Document No. 17)

remanding this case to state court entered in this action on March 30, 2015.

Dated April 20, 2015.

Respectfully submitted,

**SCOTTHULSE** PC
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:    /s/ James M. Feuille
**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Defendants

1048791.1

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 20th day of April, 2015.

| | |
|---|---|
| Kyle H. Moberly | Joshua A. Allison |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 2460 S. Locust Street, Suite E | Sheehan & Sheehan, P.A. |
| Las Cruces, NM 88001 | PO BOX 271 |
| (575) 541-1278 | Albuquerque, NM 87103 |
| kyle@mobelaw.com | (505) 247-0411 |
| | jaa@sheehansheehan.com |

/s/ James M. Feuille
**JAMES M. FEUILLE**

1048791.1

92

## **APPENDIX J**

Court of Appeals Docket Entry 10274100: Appellants' Memorandum Brief in Support of
Appellate Jurisdiction

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

|  |  |
|---|---|
| KAISER LTD, LLC, a New Mexico Limited liability company, | |
| Plaintiff – Appellee, | No. 15-2066 |
| and | (D.C. No. 2:15-CV-00139-WPL-SMV) |
| v. | (D.N.M.) |
| GARY HOWE, et al., | |
| Defendants - Appellants, | |
| and | |
| WYNDCHASE APARTMENTS LTD, LLC, a New Mexico limited liability company, | |
| Defendant. | |

## APPELLANTS' MEMORANDUM
## IN SUPPORT OF APPELLATE JURISDICTION

### I.   INTRODUCTION

Admittedly, review of remand orders is typically barred by 28 U.S.C. § 1447(d). However, this is not a typical remand case.  Remand orders based on "a determination on the merits of a nonjurisdictional issue" are fully appealable, when such a determination precedes the remand order in "logic and in fact." *Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1479-80 (10th Cir. 1993).  In this instance, the District Court determined a collateral issue that preceded the remand order "in logic and in fact," permitting review by this Court.  Specifically, the District Court's order is based on a preceding, explicit finding which purported to interpret New Mexico

state law. The District Court stated that "[t]he New Mexico Receivership Act makes it clear that an application for the appointment of a receiver can constitute a discrete cause of action in New Mexico state court. *See* N.M. STAT. ANN. § 44-8-5(A)," (Memorandum Opinion and Order, at p.8), and that the Appellee has "demonstrated that it has a possibility of recovering against Wyndchase in state court in terms of the appointment of a receiver . . .." (*Id.* at p. 10). This is a collateral issue and the District Court's determination of this issue was a substantive determination of a nonjurisdictional issue.

  In addition and in the alternative, in order to maintain jurisdiction over this appeal, the Court may treat the Appellants' filing as a petition for a writ of mandamus. Courts of appeals are permitted to treat "attempted appeals from (possibly) unappealable orders as a petition for a writ of mandamus." *See United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3 (1st Cir. 1999); *United States v. Collamore*, 868 F.2d 24, 26-27 (1st Cir. 1989). While mandamus is, undeniably, an exceptional remedy, it is available in circumstances in which the issuance of an order is "palpably erroneous." *Horn*, 29 F.3d at 769. Additionally, this case can fall within the yet more exceptional remedy: *advisory mandamus. Id.* (citing *In re Arvedon*, 523 F.2d 914, 915 (1st Cir. 1975); *In re Ellsberg*, 446 F.2d 954, 956-57 (1st Cir. 1971); *see generally* 16 Charles A. Wright et al., *Federal Practice and Procedure* § 3934 (1977 & Supp. 1994)). In this case, the District Court's reliance on a wholly and obviously inoperative cause of action to determine that the Appellee "demonstrated that it has a possibility of recovering against Wyndchase in state court in terms of the appointment of a receiver under the New Mexico Receivership Act" is plainly erroneous, and a significant distortion of proper procedure and worthy of mandamus review. *Id.* at Note 19 (citing *United States v. Kane*, 646 F.2d 4, 9 n.7 (1st Cir. 1981); *Grinnell*

*Corp.* v.*Hackett*, 519 F.2d 595, 599 (1st Cir.), *cert. denied*, 423 U.S. 1033 (1975); *see also La Buy* v. *Howes Leather Co.*, 352 U.S. 249, 256-60, 1 L. Ed. 2d 290, 77 S. Ct. 309 (1957)).

## II.    ARGUMENT

**I.    This Court has jurisdiction over this appeal due to the District Court's erroneous determination of a "collateral issue."**

This Court has jurisdiction over this appeal because the District Court's erroneous determination that the Appellee can rely on factual allegations that are clearly no longer operable to establish a cause of action against Wyndchase Apartments LTD, LLC ("Wyndchase") is a collateral determination reviewable by this Court.

An otherwise reviewable ruling is not shielded from review merely because it is a constituent aspect of a remand order that would itself appear to be insulated from review by § 1447(d). *See Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 143, 79 L. Ed. 244, 55 S. Ct. 6 (1934) (treating separately components of district court's order dismissing a party and remanding action); *Mangold v. Analytic Servs.*, 77 F.3d 1442, 1446 (4th Cir. Va. 1996) (treating separately components of district court's order denying immunity and remanding action to state court); *see also SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578 (10th Cir. 1997) (treating the district court's interpretation of a forum selection clause governed by state law as a collateral issue because the "remand order was based on a substantive determination of contract law, rather than purely procedural issues."); *see also* Regis Assocs v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 194 (6th Cir. 1990) (holding that the remand order was reviewable on appeal because it was predicated on a "substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction"). Additionally, antecedent components of a district court's remand order are reviewable. *Mangold*, 77 F.3d at 1450. Therefore, it follows that the remand order itself is reviewable because its propriety depends on premises that are not

statutorily barred from review, rather than on whether the federal jurisdictional requirements referenced in § 1447(c) are satisfied. *Id.* Moreover, courts may disregard the district court's characterization of its basis for a remand order, looking instead to the substance of the court's decision. *See, e.g., Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553 (9th Cir. 1991); *Tillman v. CSX Transp.*, 929 F.2d 1023, 1027(5th Cir.), *cert. denied*, 502 U.S. 859, 116 L. Ed. 2d 139, 112 S. Ct. 176 (1991).

In *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, the district court remanded the case to state court because one defendant waived its right to remove the case according to the district court's interpretation of certain choice-of-venue clauses. *SBKC Serv. Corp.*, 105 F.3d at 580. The district court concluded that as a result of the one defendant's inability to remove the case, that defendant was prevented "from joining in or consenting to the removal by the other defendants as required under 28 U.S.C. § 1446." *Id.* In essence, the district court remanded for failure to comply with the unanimity requirement. *Id.* On appeal, the appellee argued that the remand order was not reviewable because it was based on a procedural defect. *Id.* The court of appeals disagreed.

After discussing an earlier case where the Tenth Circuit held that a remand order based on a forum selection clause was reviewable, the SBKC court concluded that § 1447(d) did not prevent it from entertaining the appeal. *Id.* at 581. In reaching this conclusion, the court disregarded the fact that the district court's remand order was ostensibly based on a procedural defect, because "the 'procedural defect' found by the district court arose only because it held [that] the choice of venue clauses rendered [the defendant's] consent void." *Id.* Furthermore, the SBKC court noted that if it accepted the district court's characterization of the basis for the remand, it would create an opportunity for any district court to "insulate from review a remand

1051208.1.

decision predicated upon a contract interpretation by specifically stating that its construction of the agreement voids unity or consent to removal." *Id*. This practice, the court reasoned, would contravene public policy. *Id*. Accordingly, the court exercised jurisdiction over the appeal. *Id*.

While the factual circumstances found in *SKBC* are dissimilar to the present case, what is not dissimilar is that the District Court's order "arose only because it made a substantive determination on a state law issue—that the Appellee had alleged sufficient facts to establish a New Mexico cause of action for receivership, even though the Defendants actions obviated the cause of action at issue.    Refusing to review the remand order by the District Court would "contravene public policy" by failing to review a "decision on the substantive merits" of a state law receivership claim.

The District Court's order is wholly based on the court's substantive interpretation of New Mexico state law, that "The New Mexico Receivership Act makes it clear that an application for the appointment of a receiver can constitute a discrete cause of action in New Mexico state court" and that the Appellee had stated a cause of action according to the court's interpretation. (Memorandum Opinion and Order, p. 8).  The court's remand order is reviewable because it "was based on a substantive determination of" New Mexico law, "rather than purely procedural issues."

Additionally, the District Court's remand order relied on its substantive determination that it was irrelevant that the Appellee's factual allegations ostensibly in support of a receivership cause of action were no longer operative due to the Appellee's own unlawful actions—which was not denied by the Appellee.  (Memorandum Opinion and Order, p. 10 ("Who effectively controlled what parts or all of Wyndchase at the time the motion to remand was filed is a factual matter that I do not assess at this juncture.")).

1051208.1.

These are collateral issues and determinations on the merits of a nonjurisdictional issue which are reviewable by this Court.

## II.     This Court has jurisdiction over this appeal under the Court's mandamus authority.

Mandamus is appropriate in those rare cases in which the issuance of an order presents a question about the limits of judicial power, poses a risk of irreparable harm to the appellant, and is plainly erroneous, and the case for mandamus is particularly compelling where the order poses an elemental question of judicial authority. *See Horn*, 29 F.3d at 769-70.  Additionally, advisory mandamus is appropriate when an issue presented to the court is novel and likely to assist other jurists, parties, or lawyers. *Id.*

### (a)  The District Court's Remand Order presents an elemental question about the limits of judicial power.

The District Court's order presents an elemental question about the limits of judicial power because the order's outcome hinged completely on whether the District Court has the authority to ignore uncontroverted and un-denied facts that, if true, obviate a plaintiff's cause of action. While it is clear that in the remand context, the court must "resolve all *disputed* questions of fact and all ambiguities in the controlling law in favor of the non-removing party," *Montano v. Allstate Indem.*, 211 F.3d 1278 at *1, No. 99-2225, (April 14, 2000, 10th Cir. 2000) (unpublished); does this standard grant authority to the District Court to wholly ignore *undisputed* facts?

This question asks this Court to determine the limits of the District Court's power in the remand context.  Without this Court's clarification of this issue, plaintiffs will be free to allege certain factual allegations against non-diverse defendants to support a cause of action, then take actions—in this case, illegal actions—that make those factual allegations wholly inoperable all in

order to defeat diversity jurisdiction.   This cannot be.   The Tenth Circuit must take up this issue under its mandamus jurisdiction to clarify the limits of a district court's authority to "resolve" "factual and legal issues . . . in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

### (b) The District Court's Remand Order poses a risk of irreparable harm to the appellant.

The District Court's order poses a risk of irreparable harm to Appellants in that the erroneous ruling by the court threatens Appellants with the irreparable injury of being denied an impartial federal forum.   The purpose of diversity jurisdiction is to provide out-of-state defendants an impartial federal forum, free from local prejudices, in the adjudication of disputes. The potential for harm to Appellants is real and exists at every stage of the litigation: requests for injunctive relief, discovery, motions to compel, pre-trial hearings, trial.   By alleging a cause of action for receivership against Wyndchase, the Appellee sought to destroy diversity jurisdiction and deny Appellants their right to an impartial forum—which may be within a plaintiff's right. However, the Appellee alleged such a cause of action, apparently, while planning actions which would subsequently undermine their own claim for a receivership.   It appears that the Appellee purposefully alleged a cause of action which would deny the Appellants right to seek a federal forum with no intention of waiting for any court to provide a ruling on that cause of action. Appellants are threatened with the real harm of being denied their right to have their dispute with Appellee adjudicated in an impartial federal forum, and to do so in a manner that is consistent with judicial economy.

### (c) The District Court's Remand Order is plainly erroneous.

The District Court stated the Appellee "demonstrated that it has a possibility of recovering    against    Wyndchase    in    state    court    in    terms    of    the    appointment    of    a

1051208.1.

receiver . . ." (Memorandum Opinion and Order, at p. 10), and "that a cause of action against Wyndchase has existed from the date the complaint was filed *through the present date*." That is "plainly erroneous," requiring this Court's mandamus review.[1]   (*Id.*)

In order to apply for the appointment of a receiver under New Mexico state law, an application for the appointment of a receiver "*shall* contain:

> (1) a description of the receivership estate . . . for which the applicant seeks a receiver;
> (2) the location of the receivership estate;
> (3) a description of the applicant's interest in the receivership estate;
> (4) a statement showing that venue in the district court is proper;
> (5) *a statement of the grounds for the appointment of a receiver*; and
> (6) a nomination of the proposed receiver.

N.M. Stat. Ann. § 44-8-5 (2015) (emphasis added). While the Appellee's complaint initially contained a statement of the grounds for the appointment of a receiver, each and every allegation in such a statement was obviated and made inoperable by the Appellee's own actions after filing its Complaint. Therefore, "a cause of action against Wyndchase" could not have "existed from the date the complaint was filed *through* the" date of the remand order. This plainly erroneous conclusion is worthy of mandamus review.

### (d) This Court may exercise jurisdiction over this appeal under its "advisory mandamus" authority to determine "basic, undecided questions."

Advisory mandamus has its roots in the Court's reference to mandamus review of "basic, undecided questions." *Schlagenhauf* v. *Holder*, 379 U.S. 104, 110, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964). It is appropriate when the issue presented is novel, of great public importance, and likely to recur. *See In re Justices of Supreme Court of Puerto Rico*, 695 F.2d 17, 25 (1st Cir.

---

[1] Appellants recognize that this Court's Order requesting a written memorandum explicitly stated that "[i]f Appellants' response . . . attempts to argue the merits of the appeal rather than the jurisdictional issues, it may be deemed nonresponsive." However, the jurisdictional issue of whether mandamus review is appropriate in this case compels Appellants to present argument with respect to how the District Court's order was plainly erroneous. Appellants respectfully request that the Court receive this section not as argument in relating to the merits of the appeal but as argument relating to the jurisdictional question of whether this Court should exercise mandamus jurisdiction over this appeal.

1051208.1.

1982). Advisory mandamus is not meant to allow review of "interstitial matters of case administration," *Recticel Foam Corp.,* 859 F.2d 1000, 1006 (1st Cir. 1988), or to circumvent limits on appellate review of discretionary interlocutory rulings, *see United States* v. *Sorren*, 605 F.2d 1211, 1216 (1st Cir. 1979). Rather, advisory mandamus is reserved for big game. It "should primarily be employed to address questions 'likely of significant repetition prior to effective review,' so that our opinion would assist other jurists, parties, or lawyers." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 247 (1st Cir. 1989)(citation omitted).

Admittedly, situations that call for the use of advisory mandamus "are hen's-teeth rare." *In re Bushkin*, 864 F.2d at 247. Thus, relatively few examples exist. However, that is not to say that advisory mandamus has fallen into disuse. *See, e.g.*, *In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990) (issuing writ of mandamus directing district court to grant members of press access to jury list, on theory that issue presented was "sufficiently novel and important" to warrant review); *see also Nasuti* v. *Scannell*, 906 F.2d 802, 811 n.15 (1st Cir. 1990) (suggesting advisory mandamus would be appropriate to clarify status of federal employee immunity under amendments to Federal Tort Claims Act).

The novel and important issue in this case, as stated above, is whether the District Court was permitted to wholly ignore the change in circumstances due to the Appellee's actions which negated the Appellee's factual allegations in support of a receivership cause of action, and then rely on that cause of action to determine "that a cause of action against Wyndchase has existed from the date the complaint was filed *through the present date*." (Memorandum Opinion and Order, at p. 10). The Tenth Circuit must extend jurisdiction to this matter to prevent similar circumstances from arising. Should district court's ignore every factual change that occurs from the time of filing to the time of the remand order, plaintiffs would be incentivized to allege

1051208.1.

sufficient facts a certain cause of action—for instance, a declaratory action—against a non-diverse defendant in order to prevent the other defendant(s) in the case from rightfully seeking an unbiased, federal forum and, instead of actually seeking a court's input on that cause of action, take matters into their own hands. In order to maintain the integrity and use of diversity jurisdiction, this Court should exercise its advisory mandamus jurisdiction over this appeal in order to determine whether district courts must review and consider critical factual changes initiated by the plaintiff itself in the remand and diversity jurisdiction context.

### III.    CONCLUSION

For these reasons, Appellants respectfully contend that this Court may—and must—retain jurisdiction over this Appeal. Appellants have shown that this Court may retain jurisdiction over the issues in this appeal as "collateral issues" which preceded in logic and fact the District Court's remand order. Additionally and in the alternative, this Court may treat Appellants' appeal as a petition for writ of mandamus either under this Court's supervisory or advisory powers. Appellants' have shown that the District Court's remand order presents a question about the limits of judicial power, poses a risk of irreparable harm to the appellant, and is plainly erroneous. The question presented to this Court—whether the District Court has the authority to ignore a plaintiff's actions, post-filing of the Complaint but pre-remand, which obviate the cause of action against the non-diverse defendant—is a crucial and novel question, likely to arise again. Providing guidance to the District Court's in this matter is of great importance, sufficient to provide this Court with jurisdiction.

Respectfully submitted,

**SCOTTHULSE** [PC]
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:    /s/ James M. Feuille
**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 22nd day of May, 2015.

Kyle H. Moberly                          Joshua A. Allison
Attorney for Plaintiff                   Attorney for Plaintiff
2460 S. Locust Street, Suite E           Sheehan & Sheehan, P.A.
Las Cruces, NM 88001                     PO BOX 271
(575) 541-1278                           Albuquerque, NM 87103
kyle@mobelaw.com                         (505) 247-0411
                                         jaa@sheehansheehan.com

/s/ James M. Feuille
**JAMES M. FEUILLE**

1051208.1.

**<u>APPENDIX K</u>**

Court of Appeals Docket Entry 10293812: Appellants' Supplement to Memorandum Brief in Support of Appellate Jurisdiction

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

| | |
|---|---|
| KAISER LTD, LLC, a New Mexico Limited liability company,<br><br>    Plaintiff – Appellee,<br><br>  and<br><br>v.<br><br>GARY HOWE, et al.,<br><br>    Defendants - Appellants,<br><br>and<br><br>WYNDCHASE APARTMENTS LTD, LLC, a New Mexico limited liability company,<br><br>    Defendant. | No. 15-2066<br>(D.C. No. 2:15-CV-00139-WPL-SMV)<br>(D.N.M.) |

### APPELLANTS' SUPPLEMENT TO
### MEMORANDUM IN SUPPORT OF APPELLATE JURISDICTION

Appellants Gary Howe and SANCAP, LTD. (collectively referred to as "Appellants") hereby submit this Supplement to the Memorandum in Support of Appellate Jurisdiction, as permitted by this Court's Order entered August 4, 2015 (document number 01019470580), and would show the Court as follows:

### I.    INTRODUCTION

In Appellants' Memorandum in Support of Appellate Jurisdiction (the "Memorandum"), Appellants provided this Court with three alternative grounds for its authority to exercise jurisdiction over this appeal: (1) the Collateral Order Doctrine; (2) Supervisory Mandamus

1057049.1

jurisdiction; and (3) Advisory Mandamus jurisdiction. Since Appellants filed the Memorandum, this case continues to be litigated in state court. In the state court, Appellee fails to prosecute, and perhaps refuses to prosecute, its cause of action requesting the appointment of a receiver – the only cause of action relied upon by the District Court's remand order to determine that Wyndchase was not a fraudulently joined defendant, prohibiting diversity jurisdiction in this case. While these developments do not impact Appellants' collateral order or advisory mandamus arguments, Appellee's recent actions (or inactions) support Appellants' supervisory mandamus arguments and provide additional grounds for this Court to exercise jurisdiction over this appeal.

For this Court to exercise *advisory* mandamus jurisdiction over this appeal it does not need to find that Appellants' are suffering or will suffer irreparable harm. *In re Auerhahn*, 724 F.3d 103, 116 (1st Cir. 2013) ("To obtain relief under [advisory] mandamus, the petitioner does not need to show irreparable harm."). However, if the Court is inclined to exercise *supervisory* mandamus, the Court must find that the District Court's order poses a risk of irreparable harm to Appellants. *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994). At this juncture, the District Court's remand order no longer simply *poses* a *risk* of irreparable harm; the District Court's remand order has brought about actual, irreparable harm upon Appellants. For that reason, this Court must determine that the District Court's remand order is causing irreparable harm to Appellants sufficient to provide this Court with supervisory mandamus jurisdiction over this appeal.

## II.    ARGUMENT

### I.    The District Court's Remand Order is *Causing* Irreparable Harm to Appellants.

This Court has jurisdiction over this appeal, through its supervisory mandamus authority, because the District Court's erroneous determination that Appellee can rely on factual allegations that are clearly no longer operable to establish a cause of action against Wyndchase Apartments LTD, LLC ("Wyndchase") is causing ongoing, actual harm to Appellants by denying Appellants access to an impartial federal forum. In the Memorandum, Appellants warned that the District Court's order could potentially cause harm to Appellants "at every stage of the litigation: requests for injunctive relief, discovery, motions to compel, pre-trial hearings, [and] trial." (Memorandum, p. 7.)   No longer is the harm in this case prospective or merely a potentiality, it is reality.

Appellants are actually experiencing irreparable harm in the form of the state court's Order Granting Kaiser's Request for Preliminary Injunction, entered on July 13, 2015.   (Exhibit A, Preliminary Injunction).   At the Preliminary Injunction hearing, Appellee did not seek the appointment of a receiver.   Why not?   Because Appellee was already in control of the apartments due to its extra-judicial action of forcibly taking over the management of Wyndchase.[1]   It appears that Appellee, in its Complaint, included a receivership cause of action in order to include a non-diverse defendant and prevent diversity jurisdiction, then took extra-judicial action to take sole-control of Wyndchase, with the intent of not seeking a receiver now that Appellee had gained control.   These actions and the District Court's refusal to give weight to these actions

---

[1] It is unlikely that Appellee will *ever* seek a receiver, though Appellee will not voluntarily withdraw that claim. Appellee has everything it desires: (1) control of Wyndchase; (2) exclusion of Appellants from participation in day-to-day operations; and (3) a state court forum.  Prosecuting the receivership cause of action would not benefit Appellee at this point.

have, essentially, forced Appellants into the, perhaps, unfriendly and biased forum of state court without the typical recourse available to out-of-state defendants: diversity jurisdiction.

As the Court is aware, the District Court's remand order relies on Appellee's cause of action seeking a receiver for the inclusion of Wyndchase (a non-diverse defendant) in this matter. However, Appellee has, for all intents and purposes, abandoned that claim. This continues to cause harm to Appellant by undermining the purpose of diversity jurisdiction:

> The purpose of diversity jurisdiction is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts.

S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102. Through fraudulent joinder, extra-judicial takeover actions, and the failure to (and perhaps refusal to) prosecute the very claim relied on to deny Appellants the opportunity to seek an impartial federal forum, Appellee has, quite skillfully, guaranteed itself the friendly confines of state court—all to the detriment of Appellants. Appellee has found a way to "have [its] cake and it eat to"—as the saying goes. Had the District Court properly taken Appellee's undisputed actions into account for purposes of the remand determination, Appellants would not be subject to the current Preliminary Injunction and would have instead been able to defend the request for a preliminary injunction in an impartial, federal court.

A writ of mandamus "will not issue unless the petitioner shows . . . that [he] has no other adequate means of redress." *Republic of Venezuela v. Philip Morris Inc.,* 287 F.3d 192, 198, 351 U.S. App. D.C. 108 (D.C. Cir. 2002). Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise. *See Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.,* 805 F.2d 351, 355 (10th Cir.1986) ("Injury is generally not irreparable if compensatory relief would be adequate.") The

harm that has occurred due to the District Court's order cannot be undone nor remedied by compensatory damages. *Republic of Venezuela,* 287 F. 3d at 198.

This harm cannot be undone nor remedied by compensatory damages because compensatory damages cannot be accurately calculated with respect to Appellee's successful strategy to pigeonhole Appellants into state court and prevent—by relying on a cause of action Appellee clearly intends not to prosecute—Appellants from seeking an impartial federal forum. What Appellee has to gain by undermining the purpose of diversity jurisdiction—protecting out-of-state litigants from local bias—and what Appellants have to lose by Appellee's actions is incalculable. Additionally, Appellants will be forced to seek such damages (if they were calculable) in the unfriendly environment that is state court.

Mandamus is appropriate in those rare cases in which the issuance of an order presents a question about the limits of judicial power, poses a risk of irreparable harm to the appellant, and is plainly erroneous, and the case for mandamus is particularly compelling where the order poses an elemental question of judicial authority. *See Horn*, 29 F.3d at 769-70. As stated in the Memorandum, the District Court's remand order presents an elemental question[2] about the limits of judicial power, it not only poses a risk of irreparable harm but has brought that harm to bare, and is plainly erroneous. Therefore, this Court should exercise its mandamus jurisdiction over this case.

### III.    CONCLUSION

For these reasons and the reasons presented in the Memorandum, Appellants respectfully contend that this Court may—and must—retain jurisdiction over this Appeal. Appellants have shown in this Supplement that they are suffering from irreparable harm due to Appellee's ability

---

[2] In the remand context, where a court must "resolve all *disputed* questions of fact and all ambiguities in the controlling law in favor of the non-removing party," does the District Court have the authority to wholly ignore *undisputed* facts which obviate the only cause of action against a non-diverse defendant?

1057049.1.

to force Appellants into a potentially biased state-court forum, with no recourse or ability to be compensated for Appellants.  Since Appellants are suffering irreparable harm, this Court should exercise its supervisory mandamus jurisdiction.

Respectfully submitted,

**SCOTTHULSE** PC
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:    /s/ James M. Feuille_____
**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Appellants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been this date served electronically or mailed to the parties listed below on this 11th day of August 2015.

Kyle H. Moberly
Attorney for Plaintiff
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278
kyle@mobelaw.com

Joshua A. Allison
Attorney for Plaintiff
Sheehan & Sheehan, P.A.
PO BOX 271
Albuquerque, NM 87103
(505) 247-0411
jaa@sheehansheehan.com

/s/ James M. Feuille_____
**JAMES M. FEUILLE**

1057049.1.

## ADDITIONAL CERTIFICATIONS

I hereby certify that:

(1) All required privacy redactions have been made;

(2) Any required paper copies to be submitted to the court are exact copies of the version submitted electronically; and

(3) The electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses.


/s/ James M. Feuille_____
**JAMES M. FEUILLE**

1057049.1.