15-2066

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**GARY HOWE and SANCAP, LTD,**
**Appellants (Defendants)**

v.

**KAISER LTD, LLC,**

**Appellee (Plaintiff)**

On Appeal from the United States District Court
For The District Of New Mexico Civil Action No.: 2:15-CV-00139-WPL-SMV
Honorable William P. Lynch

---

## BRIEF OF APPELLANTS GARY HOWE and SANCAP, LTD.

---

James M. Feuille
New Mexico Bar No. 145552
Scott Hulse P.C.
P.O. Box 99123
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 (facsimile)
jfeu@scotthulse.com
**Attorney for Appellants/Defendants**
**Gary Howe and Sancap, Ltd.**

Joshua A. Allison
Sheehan & Sheehan, P.A.
6001 Indian School Road, NE
Suite 400
Albuquerque, NM 87110

Kyle H. Moberly
Law Office of Kyle H. Moberly, PC
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
**Attorneys for Appellee/Plaintiff**
**Kaiser LTD, LLC**

**ORAL ARGUMENT IS REQUESTED**

1063129.1

## <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

Table of Authorities……………………………………………….……… 4-6

I.    **STATEMENT OF JURISDICTION** …………………………....8-10

II.   **STATEMENT OF ISSUES** ………………………………………… 11

III.  **STATEMENT OF THE CASE** ................................................ …........12-13

IV.   **STATEMENT OF FACTS** ........................................................ ……….14-16

V.    **STANDARD OF REVIEW**......................................................17

VI.   **SUMMARY OF THE ARGUMENT** .......................................18

VII.  **ARGUMENT**…………………………………………………….... 19-30

    1.    <u>Diversity Jurisdiction Exists in this Case under Fraudulent Joinder Principles Because the Only Cause of Action Asserted Against Wyndchase Was Negated by the Appellee's Own Actions.</u> …………………………………….…......................................19

    2.    <u>Diversity Jurisdiction Exists Because the Citizenship of Wyndchase, the Non-Diverse Defendant, Can Be Set Aside as a Fraudulently Joined Defendant.</u> …………………………………………….20-21

    3.    <u>The Fraudulent Joinder Doctrine Requires the Court to Pierce the Pleadings and Prevent Fraud From Being Perpetrated Upon the Court.</u> …………………….....................................................22-23

    4.    <u>In Fraudulent Joinder Analysis, the District Court is Not Required Nor Permitted to Ignore Patently False Facts in Support of a Cause of Action Against the Non-Diverse Defendant.</u> …………………..24-28

5.      The Appellee's Sole Claim against Wyndchase Was Negated by the Appellee's Own Actions Because the Factual Allegations Purporting to Support the Appellee's Grounds for the Appointment of a Receiver are Now Admitted to be False. ………………………….…...28-30

VIII.   **CONCLUSION** .........................................................................31

IX.     **CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 32(a)(7)** .........................................................................33

X.      **CERTIFICATE OF SERVICE**  ...........................................………..34

XI.     **ADDITIONAL CERTIFICATIONS** ..... …..…………………………36

1063129.1

# Table of Authorities

**Statutes:**

28 U.S.C. § 1332 ……………………………………………………..8, 20-21

28 U.S.C. § 1441 ……..………………………………………………8, 20-21

28 U.S.C. § 1446 ………………………………………………...............20

N.M. Stat. Ann. § 44-8-5(B) (2015)(The New Mexico Receivership Act)………………………………………..……………………… 28-29

**Cases:**

*Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242 (10th Cir. 2004)………………………………………………………….. 22

*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278 (10th Cir. 2008)……………………………………………………….. 25

*Archuleta v. Wagner,* 523 F.3d 1278 (10th Cir. 2008) …………………….25

*Baeza v. Tibbetts*, No. CIV 06-0407 MV/WPL, 2006 U.S. Dist. LEXIS 95317, 2006 WL 2863486, at *3 (D.N.M. July 7, 2006)(Vazquez, J.)………………………………………………………………….22

*Bio-Tec Envtl., LLC v. Adams,* 792 F. Supp. 2d 1208 (D.N.M. 2011)……22

*Carone-Ferdinand v. CIA,* 131 F. Supp. 2d 232 (D.D.C. 2001)…………..25

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011)……………………………………………………………… 23

*Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82 (10th Cir. 1964)…………… 22

*Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013)…………………23, 30

*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331 (10th Cir. 1982) ……… 23

*Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009)…………….. 25, 27, 30

*Georgia-Pacific Corp. v. First Wis. Fin. Corp.,* 625 F. Supp. 108 (N.D. Ill. 1985) …………………………………………………………..25

*In re Arvedon*, 523 F.2d 914 (1st Cir. 1975) ………………………….9

*In re Ellsberg*, 446 F.2d 954 (1st Cir. 1971)………………………… 9

*McDaniel v. Loya,* 304 F.R.D. 617 (D.N.M. 2015) ……………………22-23

*Montano v. Allstate Indem.*, 211 F.3d 1278 at *1, No. 99-2225, (April 14, 2000, 10th Cir. 2000) (unpublished) ………………………………… 24

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980)………………………… 20

*Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911 (10th Cir. 2006)(unpublished) ……………………………………… 23, 28, 30

*Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1 (1st Cir. 1999)………..9

*Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220 (10th Cir. 2004)………..20

*Rann v. Chao*, 154 F. Supp. 2d 61 (D.D.C. 2001) ………………………. 25

*Richards v. Duke Univ.,* 480 F. Supp. 2d 222 (D.D.C. 2007)…………… 25

*Seni v. Peterschmidt*, 2014 U.S. Dist. LEXIS 158956 (D. Colo. Nov. 10, 2014)……………………………………………………………… 25

*Stephenson Oil Co. v. Citgo Petroleum Corp.*, 271 F.R.D. 323 (N.D. Okla. 2010)…………………………………………………………26-27, 30

*United States v.Collamore*, 868 F.2d 24 (1st Cir. 1989)……………………9

*United States v. Horn*, 29 F.3d 754 (1st Cir. 1994) …………………………9

1063129.1

*United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156 (10th Cir. 1999)……………………………………………………17

*Vallario      v.      Vandehey,* 554      F.3d      1259      (10th      Cir. 2009)…………………………………………………....26-27, 30

*W. Mining Council v. Watt,* 643 F.2d 618 (9th Cir. 1981)……………... 25

*Wright v. Kellough,* No. 98-3801, 1999 U.S. App. LEXIS 29695, at *2-*5 (6th Cir. Nov. 8, 1999)……………………………………….. 25

## **Prior or Related Appeals**

This case has no related or prior appeals.

1063129.1

# I. Statement of Jurisdiction

The district court's jurisdiction over this removed civil action is at the heart of this appeal. The district court had subject matter jurisdiction over this civil action based on diversity jurisdiction and fraudulent joinder principles. 28 U.S.C. §§ 1332(a) & 1441(b). (Aplt. App., pp. 7, 9-11, 66-9.) While Defendant Wyndchase Apartments LTD, LLC ("Wyndchase") is a citizen of the same state as the Plaintiff-Appellee in this case, the citizenship of Wyndchase should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that the Plaintiff-Appellee will be able to establish liability against said party. Wyndchase is a nominal party not necessary for the resolution of the dispute between the remaining Defendants-Appellants, because the members of Wyndchase in dispute are in actuality the Plaintiff-Appellee, Kaiser LTD, LLC ("Kaiser"), on the one-hand, and Defendant-Appellant, Sancap LTD ("Sancap"), on the other, and are the only real parties in interest with respect to this litigation. Wyndchase was fraudulently joined herein merely as a sham defendant for the sole purpose to defeat diversity jurisdiction. Plaintiff-Appellee had, at the time of the Motion to Remand, no valid cause of action against Wyndchase such that recovery against Wyndchase was possible.

1063129.1

This Court has jurisdiction to hear this appeal under the collateral issue doctrine as the Remand Order from which Appellants appeal (the "Remand Order," which is attached as <u>Exhibit A</u> pursuant to 10th Cir. R. 28.2(A)(1)) was based on a preceding, explicit finding which purported to interpret New Mexico state law—specifically, interpreting the application of the New Mexico Receivership Act. (Aplt. App., p. 86.)  In addition and/or the alternative, this Court has jurisdiction over this appeal pursuant to its supervisory mandamus and advisory mandamus authorities.  *See United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3 (1st Cir. 1999); *United States v.Collamore*, 868 F.2d 24, 26-27 (1st Cir. 1989); *In re Arvedon*, 523 F.2d 914, 915 (1st Cir. 1975); *In re Ellsberg*, 446 F.2d 954, 956-57 (1st Cir. 1971).[1]  Mandamus is appropriate in this case because the Remand Order presents an undecided and elemental question about the limits of judicial power and authority, poses a risk of irreparable harm to the Appellants, and is plainly erroneous.  Additionally, the Court's resolution of these issues will assist other jurists, parties, and lawyers in the future.  The Tenth Circuit has mandamus

---

[1] For more extensive discussion of this Court's jurisdiction over this appeal, see Appellants' Memorandum In Support of Appellate Jurisdiction (Doc. 10274100), attached as <u>Exhibit B</u>, and Appellants' Supplemental Memorandum in Support of Appellate Jurisdiction (Doc. 10293812), attached as <u>Exhibit C</u>, and incorporated herein by reference in their entirety.

1063129.1

jurisdiction over this appeal in order to maintain the integrity and use of diversity jurisdiction.

The Remand Order was dated March 30, 2015.  (Aplt. App., pp. 80-89.)

Appellants' notice of appeal was filed on April 20, 2015.  (Aplt. App., pp. 91-92.)

## II. Statement of the Issues

1)      Did the District Court err by determining that Appellee held a valid, non-frivolous claim for receivership against Wyndchase, thereby making Wyndchase a properly included defendant for purposes of diversity jurisdiction, despite the Appellee's actions which undermined and destroyed the validity of a receivership cause of action, making Appellee's only cause of action involving Wyndchase baseless?

2)      Did the District Court err by, not simply "resolv[ing] all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party" but, instead, by giving deference to allegations known at the time to be untrue which would have undermined the sole cause of action alleged against the non-diverse party—Wyndchase?

1063129.1

### III. Statement of the Case

*The underlying action.* The dispute between the Appellants and the Appellee is, essentially, a membership dispute between the members of Wyndchase, a limited liability company. (Aplt. App., pp. 14-27.)  Kaiser filed this action against the Appellants alleging various causes of action, but only one applies to Wyndchase – the Application for the Appointment of Receiver.  (Aplt. App., pp. 25-26.)

*The District Court's Order.* This is the appeal of the District Court's Memorandum Opinion and Order Granting Appellee's Motion to Remand.  (Aplt. App., pp. 80-89.)  The Appellants had removed this case from New Mexico state court to the United States District Court for the New Mexico District, Las Cruces Division, under the theory that Wyndchase, a defendant with the same citizenship as the Appellee, was a fraudulently joined and an unnecessary defendant in this membership dispute. (Aplt. App., pp. 9-11.) The Appellee filed a Motion to Remand (Aplt. App., pp. 54-63.), to which the Appellants filed a Response in Opposition to the Appellee's Motion to Remand (Aplt. App., pp. 64-73.).  The Appellee filed its Reply to the Appellants' Response (Aplt. App., pp. 74-79), and, without hearing, the District Court entered its Memorandum Opinion and Order

Granting the Motion to Remand to State Court on March 30, 2015.  (Aplt. App., pp. 80-89.)

On April 20, 2015, the Appellants filed their Notice of Appeal to challenge the District Court's Remand Order. (Aplt. App., pp. 91-92.)

## IV. Statement of Facts

Sancap and Kaiser are the only members of Wyndchase. (Aplt. App., pp. 15-16, ¶¶ 9 – 12.) Originally, Kaiser's principal, Harlo Dynek ("Dynek"), and Sancap's principal, Appellant-Defendant Gary Howe ("Howe"), were both managers of Wyndchase. (Aplt. App., p. 16, ¶ 11.) Wyndchase was formed with the purpose of building and, subsequently, operating the Wyndchase Apartments, in Las Cruces, New Mexico. (Aplt. App., p. 15, ¶ 9.) On or about May 29, 2013, Wyndchase entered into a contract with Summit Building and Development, LLC – an entity owned and operated by Harlo Dynek – to build the apartments. (Aplt. App., p. 17, ¶ 16.) After months of delay, the apartments were eventually constructed and open for business, beginning in the Summer of 2014. (Aplt. App., p. 18, ¶ 24.)

By the time the apartments were complete, the members of Wyndchase were already at odds with one another. On January 15, 2015, the Appellee filed, in New Mexico state court, its Complaint against Howe, Sancap, and Wyndchase. (Aplt. App., pp. 14-27.) The Appellee is a limited liability company with citizenship in the State of New Mexico. (Aplt. App., p. 8, ¶ 5.) Howe is a citizen of the State of Florida. (*Id.*) Sancap is a limited liability company with citizenship in the State of Ohio, and having its principal place of business in the State of Florida. (*Id.*)

1063129.1

14

Wyndchase's members are citizens of New Mexico and Ohio, and thus, Wyndchase has citizenship in New Mexico and Ohio. (*Id*.) Among others, the Appellee asserted a cause of action requesting the appointment of a receiver for Wyndchase. (Aplt. App., p. 25.)

The Appellee's cause of action seeking the appointment of a receiver ckaimed that the "[a]ppointment of a receiver for Wyndchase is warranted based upon internal dissension and lack of harmony between its members, and to avoid further waste, dissipation of assets, misconduct, breach of duty, refusal of Howe to render an accounting to Plaintiff as to Wyndchase's Tax Account, ***exclusion of Dynek as a manager of Wyndchase***, and misuse of the assets of Wyndchase." (Aplt. App., p. 25, ¶ 56 (emphasis added).) Essentially, the Appellee's request for an appointment of a receiver was predicated on one claim: the allegation that the Appellants were in control of the management of Wyndchase and were excluding Dynek from participating in the management of Wyndchase. (*Id.*)

Alleging that Wydnchase was a nominal party or fraudulently joined for the sole purpose of defeating diversity jurisdiction, the Appellants timely filed their Notice of Removal on February 19, 2015. (Aplt. App., pp. 6-32.) On February 22, 2015, the Appellee and its principals – Harlo and Andrea Dynek – forcibly entered the apartments' management office, changed the locks, removed office and tenant

records, and took control of day-to-day management of the apartments.  (Aplt. App., pp. 49-50, ¶ 37-38.)

## V. Standard of Review

The Court reviews questions of subject matter jurisdiction under a *de novo* standard. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999). "Since federal courts are courts of limited jurisdiction, [the Court] presume[s] no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Id.* As the parties removing this case to federal court, the Appellants bear the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*

1063129.1

## VI. Summary of the Argument

The District Court erred by ignoring the undisputed fact that the Appellee, after filing its Complaint in state court, took matters into its own hands by forcibly taking over day-to-day control of Wyndchase, which obviated the Appellee's one cause of action against Wyndchase that was impeding diversity jurisdiction – the Application for the Appointment of a Receiver under the New Mexico Receivership Act. The Appellee, at the time of the Motion to Remand, no longer had a valid cause of action against Wyndchase due to the Appellee's own actions. Thus, since the Appellee's actions left it unable to recover in any way against Wyndchase, the only non-diverse defendant, Wyndchase, was fraudulently joined for the sole-purpose of defeating diversity jurisdiction. Had the District Court not ignored these actions by the Appellee, the District Court would have properly determined: (1) that the Appellee's alleged grounds for the appointment of a receiver were no longer operable and patently false at the time of the Motion for Remand; (2) that the Appellee could not establish a cause of action against non-diverse Wyndchase; and (3) that Wyndchase was either a nominal party or a fraudulently joined defendant for the sole purpose of defeating diversity jurisdiction. Therefore, diversity jurisdiction exists between the Appellee and the Appellants, and the District Court had subject-matter jurisdiction over this case.

1063129.1

18

## VII. Argument

1. **Diversity Jurisdiction Exists in this Case under Fraudulent Joinder Principles Because the Only Cause of Action Against Wyndchase Was Negated by the Appellee's Own Actions.**

After removal by the Appellants, the Appellee claimed, in its Motion for Remand, that it can establish a cause of action against the non-diverse party, Wyndchase, in state court through its cause of action requesting the appointment of a receiver. (Aplt. App., pp. 61-61.) The Appellee's claim is erroneous because the Appellee's factual allegations in support of the appointment of a receiver were conclusively invalidated by the Appellee's own extra-judicial actions in forcibly taking-over the day-to-day control of Wyndchase on February 22, 2015. (Aplt. App., pp. 49-50, ¶ 37-38; (Aplt. App., pp. 68-69, ¶ 17-18.) At no point has the Appellee denied the fact that it took control of Wyndchase on February 22, 2015. Wyndchase is a fraudulently joined defendant, because the Appellee cannot demonstrate that the Appellee can recover against Wyndchase in any way. Therefore, diversity jurisdiction exists in this case because the only other defendants named by the Appellee are out-of-state defendants, diverse from the Appellee's citizenship.

**2. <u>Diversity Jurisdiction Exists Because the Citizenship of Wyndchase, the Non-Diverse Defendant, Can Be Set Aside as a Fradulently Joined Defendant.</u>**

On January 15, 2015, an action was commenced in the 3RD Judicial District Court, Dona Ana County, New Mexico styled *KAISER LTD LLC, A New Mexico Limited Liability Company, Plaintiff vs. GARY HOWE, SANCAP, LTD, an Ohio Limited Liability Company, and WYNDCHASE APARTMENTS, LTD LLC, a New Mexico Limited Liability Company, Defendants*, Case No. D-307-CV-2015-00099. (Aplt. App., pp. 14-27.)

Removal of civil actions based on diversity jurisdiction is governed by 28 U.S.C. §§ 1332, 1441, and 1446. Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between plaintiffs and defendants. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Those parties that are considered in determining the existence of diversity jurisdiction are those that are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Courts must disregard merely nominal parties. *Id.* at 461.

1063129.1

Here, it is clear from the face of the Appellee's Complaint that the amount in controversy exceeds $75,000.00. (Aplt. App., pp. 14-27.) Specifically, the Appellee's Complaint alleges that Wyndchase has an outstanding debt to Washington Federal in the amount of $2,740,000.00, a determination of who is required to pay such a debt is at issue in this suit. (*Id.*).  Thus, the question at issue is whether the parties to this action are "completely diverse." 28 U.S.C. § 1332(a)(1).

The Appellants—Howe and Sancap—are diverse from the Appellee.  Howe is a citizen of the State of Florida, and Sancap is a citizen of the State of Ohio. (Aplt. App., p. 8.)  The Appellee is a citizen of the State of New Mexico. (*Id*.)  The critical party, with respect to question of complete diversity, is Wyndchase.  The Appellants acknowledge, and have acknowledged from the outset, that Wyndchase is a citizen of New Mexico, which would prohibit diversity jurisdiction in a typical case.  (Aplt. App., p. 9.)  However, this is not the typical case.

The citizenship of Wyndchase, as a fraudulently joined defendant, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that there is no possibility that the Plaintiff will be able to establish liability against Wyndchase.

1063129.1

**3.** **The Fraudulent Joinder Doctrine Requires the Court to Pierce the Pleadings and Prevent Fraud from Being Perpetrated Upon the Court.**

Fraudulent joinder exists when a plaintiff joins a nondiverse party "fraudulently to defeat federal jurisdiction." *McDaniel v. Loya,* 304 F.R.D. 617, 626 (D.N.M. 2015). A defendant may remove on the basis of fraudulent joinder either while the nondiverse party is still joined or after it is dismissed from the case – the doctrine can thus function as an exception to either complete diversity or the voluntary-involuntary rule. *Id.* "[A] fraudulent joinder analysis [is] a jurisdictional inquiry," *Bio-Tec Envtl., LLC v. Adams*, 792 F. Supp. 2d at 1214 (quoting *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004)), and, thus, the Tenth Circuit instructs that the district court should "***pierce the pleadings, consider the entire record***, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)(citations omitted) (emphasis added). "A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Baeza v. Tibbetts*, No. CIV 06-0407 MV/WPL, 2006 U.S. Dist. LEXIS 95317, 2006 WL 2863486, at *3 (D.N.M. July 7, 2006)(Vazquez, J.). The Tenth Circuit has explained that allegations of fraudulent joinder complicate the analysis of whether removal is

proper, because, "[w]hile a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that *the pleadings are deceptive.*" *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006)(unpublished)(emphasis added).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal *issues* must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted; emphasis added). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)) (alterations in original). When a defendant removes based on the second prong of fraudulent joinder, the court must determine "whether the defendant has demonstrated that there is no possibility that the plaintiff will recover against an in-state defendant." *McDaniel*, 2015 WL 711062, at *12. Additionally, "[a]ll *doubts* are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (emphasis added).

**4. The District Court is Not Required Nor Permitted to Ignore Patently False Facts in Support of a Cause of Action Against the Non-Diverse Defendant.**

While it is clear that in the remand context, the court must "resolve all *disputed* questions of fact and all ambiguities in the controlling law in favor of the non-removing party," *Montano v. Allstate Indem.*, 211 F.3d 1278 at *1, No. 99-2225, (April 14, 2000, 10th Cir. 2000) (unpublished); the District Court erred by going above and beyond resolving "all doubts" and "factual and legal issues" in favor of Appellee and, instead, wholly ignored the undisputed facts which obviated the only grounds for Appellee's alleged cause of action against Wyndchase Apartments LTD, LLC ("Wyndchase") – the fraudulently joined party. (Aplt. App., pp. 88-89.)   Rather than "pierc[e] the record," the District Court ignored the record and the undisputed fact that the Appellee forcefully took control of Wyndchase – actions which affirmatively negate the Appellee's relied upon cause of action seeking a receiver under the New Mexico Receivership Act. (*Id.*)

While no court has addressed a fraudulent joinder analysis with facts similar to those presented here,[2] the fraudulent joinder standard requiring the court to "resolve" all "doubts" and "factual and legal issues" in favor of the non-movant is analogous to the motion to dismiss standard requiring a court to "draw all

---

[2] Given the Appellee's actions, perhaps that is not too surprising.

reasonable inferences in favor of the nonmoving party." *Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008); *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1284 (10th Cir. 2008).

In the motion to dismiss context, the courts are ***not*** required to accept ***patently false factual allegations***. *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009) (granting motion to dismiss where the allegations were "patently untrue."); *see also Wright v. Kellough,* No. 98-3801, 1999 U.S. App. LEXIS 29695, at *2-*5 (6th Cir. Nov. 8, 1999); *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981); *Richards v. Duke Univ.,* 480 F. Supp. 2d 222, 232 (D.D.C. 2007) (citing *Carone-Ferdinand v. CIA,* 131 F. Supp. 2d 232, 232-35 (D.D.C. 2001)); *Georgia-Pacific Corp. v. First Wis. Fin. Corp.,* 625 F. Supp. 108, 118 (N.D. Ill. 1985). Similarly, "[t]he court is not required [ ] to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

A plaintiff's allegations are "'entitled to reasonable factual inferences that flow logically from the particularized facts alleged,' the court is 'not required to accept the Plaintiff's editorial characterization of its facts at face value.' The court's 'obligation to draw inferences in the plaintiff's favor extends ***only to those inferences that are reasonable***.'" *Seni v. Peterschmidt*, 2014 U.S. Dist. LEXIS

1063129.1

158956, 22-23 (D. Colo. Nov. 10, 2014) (internal citations omitted) (emphasis added).

By the same token, the Tenth Circuit has also explained that "at the class certification stage a district court must generally accept the substantive, non-conclusory allegations of the complaint as true." *See Vallario v. Vandehey,* 554 F.3d 1259, 1265 (10th Cir. 2009). Again, this standard is analogous to the fraudulent joinder analysis requiring the district court to give deference to the non-movant. *See Montano v. Allstate Indem.*, 211 F.3d 1278 at *1. However, the Tenth Circuit made clear that the Court does not "accept as true any ***allegations in a complaint that are now known to be false***." *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 271 F.R.D. 323, 334 n. 12 (N.D. Okla. 2010) (emphasis added) (citing *Vallario*, 554 F.3d at 1265 (explaining that a district court cannot conduct Rule 23's "searching inquiry with ***a clearly erroneous view of the alleged facts***" and that a district court abuses its discretion by resting a class-certification decision on a clearly erroneous fact)(emphasis added)).

Likewise, this Court must hold that when a district court undertakes a fraudulent joinder analysis and attempts to "resolve" all "doubts" and "factual and legal issues" in favor of the non-movant, such a court cannot rely on "patently false" allegations, "allegations that are now known to be false," or a "clearly

1063129.1

26

erroneous view of the alleged facts." *See Francis v. Giacomelli*, 588 F.3d at 195; *Stephenson Oil Co.*, 271 F.R.D. at n. 12; *Vallario*, 554 F.3d at 1265. Instead, the district court should give deference to those facts which deserve deference—i.e., facts that are still in dispute—but refuse to give deference to those facts which are indisputably false, erroneous, or negated.

Here, the District Court committed an abuse of discretion, as stated in *Vallario*, by simply ignoring Appellee's undisputed actions of forcibly taking control of the management of Wyndchase in between the filing of the Complaint and the filing of the Motion for Remand. (Aplt. App., pp. 88-89.) The District Court stated: "Construing the factual and legal issues in favor of [Appellee] . . ., [Appellee] has demonstrated that it has a possibility of recovering against Wyndchase in state court in terms of the appointment of a receiver under the New Mexico Receivership Act . . . ***Who effectively controlled what parts or all of Wyndchase at the time the motion to remand was filed is a factual matter that I do not assess at this juncture***. . . . I conclude that a cause of action against Wyndchase has existed from the date the complaint was filed ***through the present date***." (*Id.*)

By acknowledging that it was not going to assess "who effectively controlled what parts or all of Wyndchase at the time the motion to remand was

filed," the District Court did not simply give mere deference to the Appellee's version of the facts, but wrongfully went above and beyond that standard of deference by additionally relying on "allegations that are now known to be false," and by basing its decision on a "clearly erroneous view of the alleged facts," namely, that the factual allegations—already invalidated and made false by the Appellee's own actions—which purported to support the Appellee's grounds for the appointment of a receiver were assumed to be true.

Rather than acknowledge and address the Appellee's actions, the District Court turned a blind eye to the very actions which fraudulent joinder claims hope to illuminate and eradicate: fraudulent or deceptive pleading practices. *Nerad*, 203 F.App'x at 913.

5. **The Appellee's Claim against Wyndchase Was Negated By Its Own Actions Because the Factual Allegations Purporting to Support the Appellee's Grounds for the Appointment of a Receiver Are Admittedly Known to be False.**

The Appellee's Complaint, at the time of the Motion for Remand, no longer established the possibility of recovery against Wyndchase because the Appellee's own actions had negated the factual allegations relied upon to establish a claim for the appointment of a receiver.

Pursuant to section 44-8-5(B) of the Receivership Act, the application for appointment of a receiver "shall contain":

1063129.1

(1) a description of the receivership estate, including the estimated gross monthly income if known, for which the applicant seeks a receiver;
(2) the location of the receivership estate;
(3) a description of the applicant's interest in the receivership estate;
(4) a statement showing that venue in the district court is proper;
**(5) a statement of the grounds for the appointment of a receiver**; and
(6) a nomination of the proposed receiver.

N.M. Stat. Ann. § 44-8-5(B) (2015)(emphasis added).  The Appellee's grounds for a receiver in the Complaint hinged on the Appellants' alleged exclusion of the Appellee and the Appellee's principal as a manger of Wyndchase. (Aplt. App., pp. 25-26.)   In its Complaint, the Appellee sought the appointment of a receiver, claiming that the "[a]ppointment of a receiver for Wyndchase is warranted based upon internal dissension and lack of harmony between its members, and to avoid further waste, dissipation of assets, misconduct, breach of duty, refusal of Howe to render an accounting to Plaintiff as to Wyndchase's Tax Account, **exclusion of Dynek as a manager of Wyndchase**, and misuse of the assets of Wyndchase." (*Id.* (emphasis added).)

On February 22, 2015, the Appellee willingly and purposefully negated these grounds for the appointment of a receiver by extra-judicially and forcibly taking control of the operation of Wyndchase and excluding the Appellants from the management of Wyndchase. (Aplt. App., pp. 49.)   In light of the Appellee's

1063129.1

29

actions, the Appellee's alleged grounds for a receiver were no longer operative during the District Court's analysis of the Appellee's Motion for Remand. The District Court erred by not rejecting those factual allegations which were patently untrue at the time the Motion to Remand was filed and considered. *Francis v. Giacomelli*, 588 F.3d at 195; *Stephenson Oil Co.*, 271 F.R.D. at n. 12; *Vallario*, 554 F.3d at 1265. Therefore, the factual allegations which purported to be the "statement of the grounds for the appointment of a receiver" – necessary for the Appellee's cause of action for which Wyndchase was allegedly joined – were void and patently false at the time the Motion to Remand was filed. The Appellee did not have a "valid cause of action" at the "present date" when the District Court's Order was entered.

Had the District Court properly "pierce[d] the pleadings, consider[ed] the entire record," *Nerad*, 203 F.App'x at 913, and rejected the Appellee's alleged "grounds for the appointment of a receiver" as "patently false" at the time of the District Court's consideration of the Motion for Remand, the District Court would have determined that the Appellee had failed to "establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d at 988. Thus, Wyndchase is a fraudulently joined party, and the District Court has subject matter jurisdiction over this case. *Id*.

## VIII. Conclusion

The questions that sit at the heart of this appeal are these: Can a plaintiff purposefully destroy diversity jurisdiction by simply asserting a cause of action against a nondiverse defendant, and rather than wait for the courts to weigh-in on that cause of action, simply take matters into his or her own hands and negate the need for such a cause of action?  And moreover, can that plaintiff then rely on the now obviated cause of action to claim that there is no diversity jurisdiction?

That simply cannot be the case. The answers to those questions must be "no." The fundamental policy of fraudulent joinder doctrine seeks to prevent just that, fraud on the court. Permitting plaintiffs to act as the Appellee has acted not only defies common sense, but defies the policy underlying fraudulent joinder: preventing and discouraging fraud in the legal system.

The District Court's opinion should be reversed and an order rendered stating that the District Court has subject matter jurisdiction over this proceeding.

1063129.1

## **ORAL ARGUMENT REQUESTED**

Oral argument is requested in this matter due to the importance of the issues involved relating to Federal law and the doctrine of fraudulent joinder and to address any questions the Panel may have after reviewing the briefs and record submitted. Some of the issues set forth herein are issues of first impression.

Respectfully submitted,

**SCOTTHULSE** **PC**
201 North Church Street, Suite 201
Las Cruces, New Mexico 88001
(575) 522-0765
(575) 522-0006 (Facsimile)
jfeu@scotthulse.com

By:    /s/ James M. Feuille
**JAMES M. FEUILLE**
State Bar No. 145552
Attorney for Appellants
Gary Howe and Sancap, LTD.

1063129.1

## IX. CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 32(a)(7)

As required by Fed. R. App. P. 32(a)(7)(C), I certify that this *Brief of Appellants' Gary Howe and Sancap, LTD* is proportionally spaced, is typeset with 14 point text, and contains 5,606 words and 675 lines of text. I relied on my word processing program to obtain the word count.

I certify that the above-information is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

Respectfully submitted, this 2nd day of November, 2015.

By:    /s/ James M. Feuille
       **JAMES M. FEUILLE**
       State Bar No. 145552
       Attorney for Appellants
       Gary Howe and Sancap, LTD.

## X. CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of November, 2015, I filed this Brief of Appellants electronically through the CM/ECF system; and that the foregoing **BRIEF OF APPELLANTS** was served on the following CM/ECF users by through the CM/ECF system:

Kyle H. Moberly
Attorney for Appellee
2460 S. Locust Street, Suite E
Las Cruces, NM 88001
(575) 541-1278
kyle@mobelaw.com

Joshua A. Allison
Attorney for Appellee
Sheehan & Sheehan, P.A.
PO BOX 271
Albuquerque, NM 87103
(505) 247-0411
jaa@sheehansheehan.com


/s/ James M. Feuille
**JAMES M. FEUILLE**


## XI. ADDITIONAL CERTIFICATIONS

I hereby certify that:

(1) All required privacy redactions have been made;
(2) Any required paper copies to be submitted to the court are exact copies of the version submitted electronically; and
(3) The electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses.


/s/ James M. Feuille
**JAMES M. FEUILLE**


1063129.1